## APPEAL OF FREDERICK E. SMITH.

### FROM THE COURT OF COMMON PLEAS OF BRADFORD COUNTY.

Argued March 16, 1887—Decided October 3, 1887.

An assignment made for the benefit of creditors by a citizen of another state passes the title to personalty in this state fully for all purposes, and such personalty is to be distributed under the law of the domicile of the assignor.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ., CLARK, J., absent.

No. 346 January Term 1887, Sup. Ct.; court below, No. 420 December Term 1885, C. P.

Jehial J. West, residing at Waverly, Tioga County, New York, but engaged in business in South Waverly, Bradford

county, Pennsylvania, where the bulk of his property was situated, on October 24, 1885, made an assignment for the benefit of his creditors to H. Austin Clark of Owego, New York, with three classes of preferences among creditors whose claims aggregated $5,372.88. The deed of assignment was recorded in Tioga county, New York, October 24, 1885, and in Bradford county, Pennsylvania, on October 26, 1885. On November 12, 1885, the assignee came into the Court of Common Pleas of Bradford county by a petition, upon which the said court appointed appraisers to appraise the assigned estate, situate within the jurisdiction of that court. The inventory of said appraisement when filed, amounted to $7,507.12, and said assignee filed a bond in said court in the sum of $15,000, conditioned, etc., as required by the laws of Pennsylvania.

On December 15, 1886, the assignee presented a petition to the said court, setting forth the assignment and the recording of the deed as stated; that the assigned property in Pennsylvania consisted entirely of personalty, being a part of the stock of a lumber yard, certain machinery, and a leasehold interest in said yard; that the claims of certain Pennsylvania creditors had been presented, one of which was that of F. E. Smith on a judgment obtained against the assignor for $1,066.03 in the Supreme Court of New York; that the indebtedness of said estate was scheduled at $14,061.55, and the assets, all of which had been converted, were $5,224.76; that the petitioner was about to file in the county court of Tioga county, New York, in compliance with the law of that state, a final account of said estate to the end that distribution might be made; praying for an order directing him to file said account and to proceed thereunder in conformity with the laws of New York as to the distribution of said fund, and that on compliance with said order the petitioner should be discharged from the trust so far as answerable to the jurisdiction of the court of Pennsylvania.

A rule granted upon this petition with notice to the Pennsylvania creditors, was resisted by F. E. Smith upon grounds found in the opinion of P. D. MORROW, P. J., which was as follows:

The domicile of the assignor was at Waverly, Tioga county, N. Y. The bulk of his property was in Pennsylvania. All

that was in this state was personal property and in this county. He made an assignment for the benefit of creditors to Mr. Clark, of Owego, N. Y. The deed was duly recorded there and also in this state. Appraisers were appointed here, inventory filed, and bond of the assignee approved and filed. He made sale of all of the property, filed his account at Owego, and placed a copy on the record here. He wants to make distribution under the laws of the state of New York, and asks us to make the proper order for that purpose. This is objected to by F. E. Smith, Esq., a Pennsylvania creditor, on the ground that this court has jurisdiction of the assignee, and the subject matter; and also because preferences are allowed under the laws of New York, and if distribution is made there, he will lose his entire debt.

The act of May 3, 1855, P. L. 415, provides that a non-resident may make an assignment for the benefit of creditors of his effects in this state, and "such assignment may be recorded within any county where such estate, real or personal, may be situate and take effect from its date." As already seen, the provisions of this act have been complied with. There are no claims of purchasers, or lien creditors. Hence the only question is as to the place of distribution. The property in this state was personal, and the proceeds of the sale passed to the assignee, the same as if the sale had been made by the assignor. In other words, the owner of personal property situate in Pennsylvania may, at the place of his domicile in another state, dispose of the same, placing the consideration within his own control. This an assignee for the benefit of creditors may do. And as to distribution a different rule prevails from that of a foreign decedent, involuntary bankrupt, or receiver: Smith's Appeal, 104 Pa. 381.

I think the doctrine held in this case sufficient to warrant us to make this rule absolute. Smith had acquired no lien upon the property. The assignment was valid under the act of 1855, ut supra, and the fund goes to the domicile of the assignor for distribution.

Under this opinion the rule was made absolute and decree accordingly, whereupon an appeal and writ of certiorari were taken by F. E. Smith, assigning for error the entering of said decree.

*Mr. Rodney A. Mercur*, for the appellant:

1. The assignee by filing for record in Bradford county his deed of assignment, by applying for and obtaining the appointment of appraisers, by filing the appraisement in the prothonotary's office, by giving the security required and having the same approved, voluntarily submitted himself and the assigned estate to the jurisdiction of the Court of Common Pleas of that county, and, having thus secured priorities, should not now be permitted to withdraw said estate or its avails from the supervision of said court. By the act of May 3, 1855, courts of Common Pleas may dismiss or appoint trustees under such assignments, as in other cases. Therefore said assignment became to all intents and purposes one made under the laws of this commonwealth, as to all the estate of the assignor therein.

2. The deed of assignment contains three classes of preferences, the claims of said preferred creditors amounting to more than the amount for distribution. These preferences are void under § 1 of the act of April 17, 1843, P. L. 273. And the power of the state to regulate the transfer of all property within its territory is well established: Story Conf. L. § 390; Whart. Conf. L., §§ 343, 350, 390; Milne v. Moreton, 6 Binn. 361; Warner's App., 13 W. N. 505; Steel v. Goodwin, 113 Pa. 288; Green v. Van Buskirk, 7 Wall. 151.

3. This controversy is practically between the preferred creditors and the appellant; therefore the assignee had no standing to make the application: Singmaster's App., 86 Pa. 169; Herbst's App., 90 Pa. 353; Jordan's App., 107 Pa. 75.

*Mr. John F. Sanderson* (with him *Mr. Edward Overton, Jr.*), for the appellee:

No question arises concerning any lien on said property; but this contention is at the instance of an unsecured creditor of the estate, who litigates as such.

By the act of 1855 the courts of Pennsylvania are given jurisdiction and authority to remove and appoint assignees or trustees under foreign deeds of assignment for benefit of creditors. The filing of an inventory and the giving of a bond are essential to the due information of the court in the exercise of the power of supervision thus conferred and the

protection of the interests involved, and failure to file either would be sufficient cause for removal. If the assignee could or ought to be compelled to do these things, how is the matter affected by his having done them voluntarily? The propriety of the decree is fully sustained by the opinion of the court below and the case therein cited, viz.: Smith's Appeal, 104 Pa. 381.

OPINION, MR. JUSTICE PAXSON:

This was an appeal from the decree of the court below distributing the assigned estate of Jehial J. West. Both the assignor and the assignee were domiciled in the state of New York; the assignment was made, delivered and recorded in Tioga county in that state. A portion of the assignor's personal property was located in Bradford county, Pennsylvania; the assignment was recorded in said county, an appraisement made, an inventory filed, and a bond given and approved by the court. The deed of assignment contained preferences in favor of certain creditors, which preferences are valid by the law of New York but are illegal here. The appellant, who is a Pennsylvania creditor and unpreferred, endeavors to avoid the effect of the preferences in the assignment by holding the fund here and distributing it according to the law of Pennsylvania. This he cannot do.

It is settled by abundant authority that an assignment by a citizen of one state of personal property located in another state, passes the title fully for all purposes. The law of the domicile regulates the transfer of personal property. It is sufficient to refer to the late case of Smith's Appeal, 104 Pa. 381. The recording of the assignment in this state was a compliance with the act of May 3, 1855. The effect of this was to give the assignment a force which it did not have at common law, and take effect from its date, saving all rights accrued to "bona fide purchasers, mortgagees or creditors, having a lien thereon before the recording, in the same county, and not having had previous actual notice thereof." The appellant does not come within this saving clause. He has no lien on the fund; he is merely an unsecured creditor, and while it may seem hard that assets in Pennsylvania shall be transferred to the state of New York for distribution, and

then swallowed up by preferred creditors, it is a risk which he took when he gave credit to a citizen of New York. He knew that his debtor could do just what he has done, and having such knowledge he has no reason to complain.

It must not be overlooked that this was a voluntary assignment; it was not one made in invitum, or by coercion of law; neither are we distributing the estate of a decedent domiciled in another state ; and the rule in such cases has no application here.

> The decree is affirmed and the appeal is dismissed at the cost of the appellant.