## BACON, BALDWIN & CO. v. JOS. HORNE & CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 5, 1888—Decided January 7, 1889.

1. An assignment for the benefit of creditors, made in another state and executed in conformity with the laws of that state, will pass title to the property of the assignor in this state: Smith's App., 117 Pa. 30.
2. The property of a foreign assignor situate in this state, however, is subject to foreign attachment at the suit of a resident creditor having no notice of an assignment thereof, unless the latter has been recorded in this state under the act of May 3, 1855, P. L. 415.
3. But where, at the time of the assignment, both the creditor and the assignor are residents of the foreign state where it is made, the creditor may not come into this state and seize property of the assignor in a suit in foreign attachment: Chemical N. Bank v. Tuttle, 17 W. N. 415, explained.

Before GORDON, C. J., PAXSON, GREEN, CLARK, WILLIAMS and HAND, JJ.; STERRETT, J., absent.

No. 189 October Term 1888, Sup. Ct.; court below, No. 62 July Term 1887, C. P. No. 2.

On September 15, 1885, F. M. Bacon, and others, partners as Bacon, Baldwin & Co., entered a suit in foreign attachment against Henry Schoenwald, a non-resident. The writ was returned as served the same day upon Jos. Horne & Co., as garnishees, and nihil, as to defendant. On April 17, 1887, judgment was entered against the defendant for $1,419.15, in default of appearance. A scire facias was then issued, to the

number and term of the court below stated in the caption, and was served with interrogatories upon the garnishees, who answered and filed a plea of nulla bona.

The cause came on for trial before WHITE, J., on January 12, 1888. No testimony was taken, but upon the facts agreed upon by the counsel and submitted to the jury as the facts of the case, the plaintiffs asked the court to charge that under all the evidence, the verdict should be for the plaintiffs. The point was refused.[1]

The jury then returned, in the form of a special verdict, the facts hereinbefore stated, and further, that on August 11, 1886, Henry Schoenwald, the defendant, of New York city, made an assignment for the benefit of creditors, which was duly recorded; that at the time thereof Bacon, Baldwin & Co. were also residents of New York city; and that the garnishees were indebted to the defendant in the suit in the sum of $226.33;—subject to the opinion of the court whether, etc.

On September 4, 1888, the court, WHITE, J., filed the following opinion upon the question reserved:

In a case precisely similar to this, the Exchange Bank v. Monitor Towboat Company, No. 51 October Term 1885, of this court, we held that the unrecorded assignment was good against a creditor of the assignor living in another state where the assignment was made and the assignee lived. Our decision was based mainly on a question of comity between the states, and the manifest injustice of permitting a creditor to escape from the forum which had jurisdiction over the assignment and over the assignor and his creditors, and by coming into this state, seize property and take it to the exclusion of other creditors. We thought the act of May 3, 1885, P. L. 415, was not intended to apply to such a case. Our decision in that case seemed to be satisfactory to the able counsel who argued the question before us. Our attention is now called to a recent decision of our Supreme Court, the Chemical National Bank v. Tuttle, 17 W. N. 415, which seems inconsistent with that case, but it does not appear from the report of the case cited that the question of comity was raised. It was ruled on a question of evidence as to what was sufficient to establish "actual notice." If the question now suggested had been

raised and decided in that case, of course we should cheerfully conform to it, as would be our duty, but we are often reminded that a decision is authority only for the questions raised and decided in it.   We need not repeat what we said in the Exchange Bank v. the Monitor Towboat Company, but refer to the opinion filed in that case for our views.   If this case must go to the Supreme Court, we think there is no injustice in requiring the plaintiff to take it up.

The question of law reserved is ruled in favor of defendants, garnishees, and judgment ordered for defendants non obstante veredicto.[2]

Judgment having been entered for the garnishees, the plaintiffs took this writ and assigned as error:

1. The refusal of plaintiff's point.[1]

2. The entry of judgment for the defendants.[2]

*Mr. Joseph M. Friedman*, for the plaintiffs in error:

1. It would seem that the act of May 3, 1855, P. L. 415, was intended to protect property here, which may be subject to assignment in the hands of a non-resident, from attachment by creditors, foreign and domestic; and that is borne out by the fact that one of the duties of such non-resident assignee is to record his assignment in the county where the property may lie, which assignment shall have effect from its date. With this duty the assignee in this case failed to comply.

2. The act referred to provides that a bona fide creditor having a lien upon the property before the recording of the assignment in the county, and having no previous actual notice thereof, shall not be affected or prejudiced thereby.   The plaintiffs in this case are admittedly bona fide creditors, and the record does not show they had actual notice of the assignment before the attachment was served.

3. The question of comity does not apply.   The act of 1855 supplies practically what the theory of comity is intended to comprehend, and is sufficiently liberal in its provisions to cover the case at bar: Philson v. Barnes, 50 Pa. 230; Steel v. Goodwin, 113 Pa. 288; Smith's App., 117 Pa. 30; Warner's App., 13 W. N. 505; Chemical N. Bank v. Tuttle, 17 W. N. 415.

Opinion of the Court.

*Mr. James F. Robb*, for the defendants in error:

1. As against a citizen of other states, especially of the state where the assignment was made, the rule appears to hold without qualification, that an assignment valid by the laws of the state in which it is made, is valid everywhere, and a subsequent attachment by a citizen of that state will not hold as against the assignee; Burrill on Assignments, § 310; Mulliken v. Aughinbaugh, 1 P. & W. 126; Speed v. May, 17 Pa. 91; Law v. Mills, 18 Pa. 187; Bagby v. Railroad Co., 86 Pa. 291; High on Receivers, 2d ed., 241; Moore v. Bonnell, 2 Vroom 97; Bentley v. Whitmore, 4 Green, C. E., 466; Burlock v. Taylor, 16 Pick. 335; Sanderson v. Bradford, 10 N. H. 260; Bholen v. Cleveland, 5 Mass. 174.

2. Moreover, if the plaintiffs should be successful in this suit, they would have to turn the fund recovered over to the assignee in the state of New York: Van Buskirk v. Warren, 13 Abb. Pr. 145. It is submitted that the courts of this state will not allow money to be recovered here which can be recovered back again by the defendant's assignee at his own domicil. The cases cited by the plaintiffs were cases where the attaching creditor was a resident of this state, and of course would be protected by the act of 1855. In Chemical N. Bank v. Tuttle, 17 W. N. 415, the question whether the doctrine of comity was applicable was not raised.

OPINION, MR. JUSTICE PAXSON:

We do not think the property in question was liable to the foreign attachment. Both the plaintiffs and the defendant in that writ resided in the city of New York. Before it issued the defendant had made an assignment for the benefit of his creditors. The assignment was made in New York and was in conformity to the laws of that state. Under all the authorities it passed the title to the property in this state. It is sufficient to refer to our last case, Smith's App., 117 Pa. 30.

It was said, however, that inasmuch as the assignment was not recorded in this state, in accordance with the act of May 3, 1855, P. L. 415, relating to foreign assignments, and the attaching creditor had no notice of the assignment, the property was liable to the attachment. The first section of the act of 1855 is as follows: "That whenever any person making an assign-

ment of his or her estate, situate within this commonwealth, for the benefit of creditors, shall be resident out of this state, such assignment may be recorded within any county wherein such estate, real or personal, may be and take effect from its date; Provided, that no bona fide purchaser, mortgagee, or creditor, having a lien therefor before the recording in the same county, and not having had previous actual notice thereof, shall be affected or prejudiced, and the Courts of Common Pleas may dismiss or appoint trustees under such assignment, as in other cases."

The manifest object of this act was to protect our own citizens. Hence it was held in Steel v. Goodwin, 113 Pa. 288, that where a foreign attachment had issued after an assignment in another state, but before it was recorded here, and the attaching creditor had no actual notice of such assignment, the attachment was good as against such assignment. To same effect, see also Philson v. Barnes, 50 Pa. 230. These cases were well decided, but they do not rule this one. The act of 1855 is not invoked by any Pennsylvania creditor seeking its protection. As before observed both these parties, plaintiffs and defendant, are residents of New York. The plaintiffs come into this state to obtain an advantage by our law which they could not obtain by their own. They are seeking to nullify the law of their own state and ask the aid of our court to do so. This they cannot have. If for no other reason, it is forbidden by public policy and the comity which exists between the states. This comity will always be enforced when it does not conflict with the rights of our own citizens: Bagby v. Railroad Company, 86 Pa. 291. The same principle is recognized to a greater or less extent by many other authorities. It is sufficient to refer to Mulliken v. Aughinbaugh, 1 P. & W. 117; Speed v. May, 17 Pa. 91; Law v. Mills, 18 Pa. 185; Moore v. Bonnell, 2 Vroom, 97. The case of the Chemical National Bank v. Tuttle, 17 W. N. 415, was cited as authority on the other side. We do not so regard it. While the facts of that case are upon all fours with this, the point now under consideration was not raised, and of course not decided. The case turned upon the question whether the attaching creditor had actual notice of the assignment. It was assumed that it came within the act of 1855, and this court

decided only what was then before it.    The question of comity was left untouched.

The learned judge below entered judgment upon the reserved point in favor of the garnishees, non obstante veredicto. In this there was no error.

Judgment affirmed.

Argued November 5, 1888—Decided January 7, 1889.