Gilman vs. Ketcham.

84   60
91   120
91   180
91   521
84   60
93   559
84   60
94   84
54   60
106   277

84   60
s23 LRA 52n
26 LRA 218n
27 LRA 324n
29 LRA 164n
33 LRA 203
38 LRA 804
41 LRA 367
42 LRA 706n
43 LRA 222n
43 LRA 695n
46 LRA 459n
50 LRA 327n

GILMAN, Administrator, Appellant, vs. KETCHAM, Respondent.

*December 9, 1892 — January 10, 1893.*

*Inter-state comity: Dissolution of foreign corporation: Rights of receiver.*

Proceedings in a New York court for the voluntary dissolution of a corporation of that state, in which creditors were enjoined from bringing actions against the corporation and it was declared dissolved and the title to all its property, effects, and credits was vested in a receiver, are given full force and effect in this state, on the ground of comity, as against a creditor residing in New York and bound by said proceedings, but who has brought an action against the corporation in this state and garnished residents of this state.

APPEAL from the Circuit Court for *Milwaukee* County.

The case was that the plaintiff, in his representative capacity as administrator of the estate of Winthrop W. Gilman, deceased, on the 24th day of September, 1891, was a creditor of the Hudson River Boot & Shoe Manufacturing Company, a corporation created and existing under the general laws of the state of New York, in which state the plaintiff also resided, in the sum of $947.87, and commenced an action in the circuit court of Milwaukee county, in which Hubbard & Baker, of West Superior, Wis., were garnished as being indebted to the said corporation, September 26, 1891; and on the 14th of the following month they filed their answer, admitting an indebtedness to the defendant of $545.41, and paid that sum into court.

On the 8th of February, 1892, by stipulation between the plaintiff's attorneys and the attorneys for *William M. Ketcham*, the interpleading claimant, he was allowed to interplead in respect to his claim to said money, and serve his answer within twenty days thereafter. In his answer he alleged that he was a resident and citizen of New York, and that on and prior to the 29th of July, 1891, the de-

fendant, the Hudson River Boot & Shoe Manufacturing
Company, was a corporation, organized and existing under
the laws of that state, and the garnishees were indebted to
it in the sum stated in their answer and so paid into court;
that on the 28th of July, 1891, proceedings were com-
menced in the supreme court in the state of New York in
and for Dutchess county, in a case entitled "In the matter
of the application of a majority of the trustees of the
Hudson River Boot & Shoe Manufacturing Company for a
final order dissolving said corporation," for the purpose of
effecting a voluntary dissolution of the corporation and the
distribution of its effects, which proceedings were carried
on under and in pursuance of title XI of the Code of Civil
Procedure, ch. 17, secs. 2419–2430, entitled "Proceedings
for the voluntary dissolution of a corporation." (3 Bliss'
N. Y. Code, sec. 2413); that a petition had been presented
to the supreme court, in substance as required by the stat-
ute, by a majority of the trustees, stating, among other
things, that the stock, effects, and other property of the
corporation were not sufficient to pay the just demands
for which it was liable, or to afford a reasonable security to
those who might deal with it, and that the petitioners
deemed it beneficial for the interests of the stockholders
that it should be dissolved,— a schedule being annexed
thereto containing a true account of all the creditors of
the corporation and unsatisfied engagements, a statement
of the name and place of each creditor, etc., a statement of
the sum owing to each creditor or other person, etc., a
statement of the true cause and consideration of the in-
debtedness to each creditor, a full, just, and true inventory
of all the property, etc., of the corporation, a statement of
each incumbrance upon its property, and a full, just, and
true account of the capital stock of the corporation, speci-
fying the name of each stockholder, which was duly veri-
fied; that the court made an order July 29, 1891, requiring

all persons interested to show cause before the court, at special term to be held October 31, 1891, why the said corporation should not be dissolved; that on the same day, upon notice and verified petition of the president of the corporation, served upon the attorney general of the state of New York, he consented that the motion be granted, and the court appointed the claimant, *William M. Ketcham*, temporary receiver of the property of said corporation, with the powers and duties specified in sec. 1788 of the Code of Civil Procedure of that state, and he qualified as such; that on the same day, upon motion and consent of the attorney general thereto, the said supreme court ordered that the creditors of the said corporation, and each and every one of them, be, and they were thereby, restrained from bringing any action against the corporation for the recovery of any sum of money, and they were thereby enjoined from taking any further proceedings on any such actions theretofore commenced; that this order was served personally upon the plaintiff on the 5th of August, 1891, in New York; that on the 31st of October, 1891, pursuant to the order to show cause, and due notice thereof given to each of the creditors, stockholders, and persons interested in said corporation or its affairs, the court ordered and adjudged that the said corporation be, and it was thereby, dissolved, and that *William M. Ketcham*, the interpleading claimant, was appointed permanent receiver, and qualified as such; and by virtue of such proceedings he became vested with the right and title to all the property, effects, and credits of every description belonging to said corporation, and became entitled to receive the said sum of $539.45, so admitted by said garnishees to be due, and theretofore paid into court; and that the plaintiff, at the time of the service upon him of said injunctional order, was and still is a resident of the state of New York, and prior to the time when said garnishees made and filed their

answer they had notice of the appointment of the claimant* as such receiver. The claimant demanded judgment that the clerk pay over said sum to him, and for his costs.

The plaintiff demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action or claim to the fund disclosed and paid into court, and for that the claimant had no legal capacity to maintain the petition. Motion was made to strike out the demurrer as frivolous, and the court so ordered, with $10 costs, and that the claimant have judgment, with leave to the plaintiff to take issue upon said claimant's intervening petition, or such other proceedings as he might be advised, within twenty days. Plaintiff appealed from the order.

For the appellant there was a brief by *Rietbrock & Halsey*, and oral argument by *L. W. Halsey*. They contended, *inter alia*, that the receiver has no power which he can exercise in this state. The New York court could not transfer to him any property outside of its territorial jurisdiction. The proceedings in the New York court have no extra-territorial effect. *Filkins v. Nunnemacher*, 81 Wis. 91; *McClure v. Campbell*, 71 id. 350; *Hunt v. Columbian Ins. Co.* 55 Me. 290; *Pond v. Cooke*, 45 Conn. 126; *In re Waite*, 99 N. Y. 433; *Pierce v. O'Brien*, 129 Mass. 314; *Peterson v. Chemical Bank*, 32 N. Y. 21; *Willitts v. Waite*, 25 id. 577; *Rhawn v. Pearce*, 110 Ill. 350; *Hibernia Nat. Bank v. Lacombe*, 84 N. Y. 367; *Booth v. Clark*, 17 How. 322; *Farmers' & M. Ins. Co. v. Needles*, 52 Mo. 17; High, Receivers, sec. 239; *Parsons v. Charter Oak L. Ins. Co.* 31 Fed. Rep. 305; *Relfe v. Rundle*, 103 U. S. 222; *Taylor v. Columbian Ins. Co.* 14 Allen, 353. The question is not affected by the fact that the plaintiff is a resident of New York, where the proceedings were had appointing the receiver. His right to sue in our state courts stands upon the same plane as that of a resident creditor. *McClure v. Campbell*, 71 Wis. 350; *Hibernia Nat. Bank v. Lacombe*,

Gilman vs. Ketcham.

84 N. Y. 367; Story, Confl. of Laws, sec. 414; *Rhawn v. Pearce,* 110 Ill. 350; Const. of U. S. art. IV, sec. 2; *Davis v. Pierse,* 7 Minn. 13; *Lemmon v. People,* 20 N. Y. 607; *Ward v. Maryland,* 12 Wall. 418; *Corfield v. Coryell,* 4 Wash. C. C. 371; *Williams v. Bruffy,* 96 U. S. 176; *Ducat v. Chicago,* 48 Ill. 172.

For the respondent there was a brief by *Williams & Robinson,* and oral argument by *O. T. Williams.* They argued, among other things, that as a matter of comity a foreign receiver is permitted to take property as against attaching creditors who reside within the jurisdiction of the court appointing the receiver. High, Receivers, 193; *Bagby v. A., M. & O. R. Co.* 86 Pa. St. 291; *Hurd v. Elizabeth,* 41 N. J. Law, 1; *Bank v. McLeod,* 38 Ohio St. 174; *Hunt v. Columbian Ins. Co.* 55 Me. 290, 297, 298; *Paradise v. Farmers' & M. Bank,* 5 La. Ann. 710; *McAlpin v. Jones,* 10 id. 552; *Graydon v. Church,* 7 Mich. 36; *Lycoming F. Ins. Co. v. Wright,* 55 Vt. 526; *Einer v. Beste,* 32 Mo. 240; *Thurston v. Rosenfield,* 42 id. 474; *Green v. Gross,* 12 Neb. 117; *Chafee v. Fourth Nat. Bank,* 71 Me. 514; *Boulware v. Davis,* 90 Ala. 207; *Runk v. St. John,* 29 Barb. 585; *Peters v. Foster,* 10 N. Y. Supp. 389; *Dyer v. Power,* 14 id. 873. The receiver is entitled to the fund as a matter of absolute right. The judgment vesting in him all the property of the corporation was rendered by a court of competent jurisdiction, in a suit to which the plaintiff was a party, and the plaintiff resided within the jurisdiction of that court. Under sec. 1, art. IV, Const. of U. S., providing that full faith and credit shall be given in each state to the judicial proceedings of every other state, this judgment is conclusive in this case. *Dobson v. Pearce,* 12 N. Y. 156; *Folger v. Columbian Ins. Co.* 99 Mass. 267; *In re Waite,* 99 N. Y. 433; *Williams v. Hintermeister,* 26 Fed. Rep. 889.

Pinney, J. It is not disputed but that the proceedings in the supreme court of New York were properly instituted and conducted, and the dissolution of the corporation regularly adjudged, upon the voluntary application of its trustees, and the respondent appointed receiver of all its property, assets, and estate according to the statute of that state, with a view of applying the proceeds equally to the payment of all its creditors, and the distribution of any residue equally to and among its stockholders. The plaintiff in this action was at the time, and still is, a resident and citizen of the state of New York, of which state the corporation was a citizen, and he was served with an injunction in that proceeding restraining him, as a creditor of the corporation, from commencing any suit against it to enforce the collection of his debt, in order that the property and assets of the corporation might be properly and judiciously administered and applied by the receiver under the authority of the court appointing him, and in the regular and orderly administration of its estate. The proceeding did not contemplate a discharge of the debtor as upon the surrender and application of his property under insolvent laws, but the property of the corporation was passed and vested, pursuant to the statute, in the respondent as its receiver, and the corporation was dissolved, so that no other than the receiver had a right to assert or maintain any title to it thereafter, and he could do so only for the purpose of its equal and just application to the payment of its creditors, and the just division of any residue to and among its stockholders. The effect of such voluntary dissolution was to place all its property and assets *in custodia legis* to be collected and applied by the receiver. There is nothing in the statute of New York, or in this proceeding under it, in conflict with or in contravention of the laws or public policy of this state, as declared by its statutes and the decisions of its courts, nor does the present proceeding interfere, or

tend to interfere, with or prejudice the rights of any citizen of this state. The case concerns citizens of New York alone, the garnishees having paid the fund into court and been discharged. The case is therefore free from all objections which, by the general current of authority, might prevent or induce the courts of Wisconsin to refrain from giving, in a spirit of just inter-state comity, the same force and effect here to the proceedings in the supreme court of the state of New York in question as would be accorded to them there. There are many cogent reasons, in our judgment, why we should accord to them such effect upon principles of comity.

The situation, in brief, is that after the plaintiff had been enjoined, by a competent court of the jurisdiction in which he resided, from bringing any action against the corporation, his debtor, for the recovery of any sum of money, so that he should not obtain any undue preference over its other creditors, in violation of the purpose and policy of the law of New York and the proceeding thus instituted, and after an adjudication absolutely dissolving the corporation had been made, and after the title to its property, effects, and credits had been vested in the claimant as such receiver, the plaintiff came into the circuit court of this state, and commenced an action to recover his demand against a dissolved corporation. The question is one wholly between parties residing in New York and bound by the proceedings in question, neither of whom is in any position to invoke the assistance of the courts of this state to defeat or deny full effect to the proceeding in New York, or the title resulting from it. It is clear that the adjudication of dissolution, and the appointment of the receiver vesting in him the title to the chose in action in question, were binding on these parties, and the courts of New York would have enforced the receiver's title had this controversy originated there. The plaintiff asks us to aid him in vio-

lating the law of his own state and evading the process of
its courts.   Our own citizens, in a proper case, would no
doubt be protected against the effect of such extra-territo-
rial act and adjudication, if injurious to their interests or in
conflict with the laws and public policy of Wisconsin, and
effect would not be given to it at the expense of injustice
to our own citizens.   The transfer of this debt, valid in
New York, must, we think, be held valid on principles of
comity here.   When, therefore, the garnishee process was
served, there was no debt due to the corporation upon
which it could act, and the money that has been paid into
court belongs to the receiver claimant; and, no principle of
public policy or rights of citizens of Wisconsin intervening,
by a fair and liberal spirit of comity our courts ought to
give the same force and effect to the proceedings in ques-
tion as they would have in the courts of New York.

The tendency of modern adjudications is in favor of a
liberal extension of inter-state comity, and against a nar-
row and provincial policy, which would deny proper effect
to judicial proceedings of sister states under their statutes
and rights claimed under them, simply because, technically,
they are foreign and not domestic.   In the recent case of
*Cole v. Cunningham,* 133 U. S. 107, the subject was very
fully considered, and the various cases were cited; and it
was there held that a creditor who is a citizen and resident
of the same state with his debtor, against whom insolvent
proceedings have been instituted in said state, is bound by
the assignment of the debtor's property in such proceed-
ings, and if he attempts to attach or seize the personal
property of the debtor, situated in another state and em-
braced in the assignment, he may be restrained by injunc-
tion by the courts of the state in which he and his debtor
reside; that every state exercises, to a greater or less ex-
tent, as it deems expedient, the comity of giving effect to
the insolvent proceedings of other states, and where the

transfer of the debtor's property is the result of a judicial
proceeding, as a general rule, no state will carry it into
effect to the prejudice of its own citizens. *Reynolds v.
Adden*, 136 U. S. 353, 354. In *Bagby v. A., M. & O. R.
Co.* 86 Pa. St. 291, it was held that, where a receiver of a
corporation has been appointed by a court of competent
jurisdiction in another state, a creditor who resides in that
state and is bound by the decree of its court appointing the
receiver cannot, in an attachment or execution, recover
the assets of the corporation in another state, which the
receiver claims. In *Bacon v. Horne*, 123 Pa. St. 452, 453,
speaking to this point, the court said: "As before observed,
both of these parties, plaintiffs and defendant, are residents
of New York. They come into this state to obtain an ad-
vantage by our law which they could not obtain by their
own. They are seeking to nullify the law of their own
state, and ask the aid of our court to do so. This they
cannot have. If for no other reason, it is forbidden by
public policy and the comity which exists between the
states. This comity will always be enforced when it does
not conflict with the rights of our own citizens." To the
same effect is the case of *In re Waite*, 99 N. Y. 433, 439,
448, and also *Phelps v. McCann*, 123 N. Y. 641. In *Toronto
General Trust Co. v. C., B. & Q. R. Co.* 123 N. Y. 37, 47, it
was said that "foreign receivers and assignees, taking their
title to property by virtue of foreign laws or legal proceed-
ings in foreign courts, may come here and maintain suits
in our courts when they do not come in conflict with the
rights or interests of domestic creditors;" and the general
rule laid down in *Hibernia Nat. Bank v. Lacombe*, 84 N. Y.
367, must be considered as qualified by these cases. The
same doctrine is laid down in *Woodward v. Brooks*, 128 Ill.
222, where it is held that if an assignment is valid in the
state where made it will be enforced in another state as a
matter of comity, but not to the prejudice of the citizens

of the latter, who may have demands against the assignor; that while it is contrary to public policy to allow the property of a nonresident debtor to be withdrawn from the state, and thus compel creditors to seek redress in a foreign jurisdiction, yet for all other purposes between the citizens of the state where the assignment is made, if valid by the *lex loci*, it will be carried into effect by the courts of Illinois; and this rule is held not to be in conflict with *Rhawn v. Pearce*, 110 Ill. 350. The assignment in this case was voluntary, it is true, and not by proceedings *in invitum*. We are unable to see upon what substantial ground it can be maintained that the title of the receiver in this case, founded upon the voluntary dissolution of the corporation, does not stand on equally as favorable ground as that of an assignee for the benefit of creditors. *Parsons v. Charter Oak L. Ins. Co.* 31 Fed. Rep. 305; *Relfe v. Rundle*, 103 U. S. 222, 225; *Williams v. Hintermeister*, 26 Fed. Rep. 889. In *Bank v. McLeod*, 38 Ohio St. 174, it was held that a receiver appointed under the authority of the court of one state, and vested with the title to property temporarily in another, might, under the comity between states, by an action brought in the latter state in his own name, assert his right to the possession of it, where such right was not in conflict with the rights of the citizens of the latter state, nor against the policy of its laws; nor is there anything in the case of *McClure v. Campbell*, 71 Wis. 350, in conflict with this conclusion. Mr. Justice LYON had in view in that case the question of giving effect to foreign insolvency proceedings resulting in a discharge of the debtor prejudicially to the interests of citizens of the state wherein the assignee attempted to enforce the assignment. In *Filkins v. Nunnemacher*, 81 Wis. 91, the question was whether judicial comity would allow a receiver, appointed in a creditors' suit in another state, to maintain a suit in Wisconsin to set aside an alleged fraudulent conveyance, from the debtor to

Gilman vs. Ketcham.

the defendant, of property within the latter state, and presented an entirely different question from the one in this case, which is whether a foreign receiver can be heard to assert in the courts of this state a title to property which he claims by an assignment valid and binding against all the parties to the litigation, and is more nearly analogous to the question involved and decided in *Cook v. Van Horn*, 81 Wis. 291. The question is not materially different from that involved in *Smith v. C. & N. W. R. Co.* 23 Wis. 267, where it was determined that effect would be given by the courts of this state, subject to the qualifications here stated, to an assignment made in another state by a party in order to avoid imprisonment in proceedings supplemental to execution for refusal to apply rights in action — corporate stocks — to the payment of a judgment; and it is evident that, if the title depended wholly upon the coercive power of the court, the result would have been the same. The principle is universal that the assets of insolvent corporations are to be regarded as a trust fund for the benefit of all the creditors, and "that kind of diligence by which one creditor of an insolvent corporation secures to himself a prior right to its property, and an unequal advantage over the other creditors, is without merit, and more selfish than just." *Ballin v. Loeb*, 78 Wis. 404. The public policy of Wisconsin and New York in this respect are in accord.

For these reasons we are of the opinion that the claim of the receiver, as stated in his intervening petition, to the fund in court, must be sustained, and that the circuit court properly overruled the plaintiff's demurrer thereto.

*By the Court.*— The order of the circuit court is affirmed.