JAMES J. BYRNE *v.* JOHN ALLEN, HENRY ALLEN, HENRY RHODES and W. H. LAMBERT, partners under the name of the PORT ANGELES RED CEDAR SHINGLE AND LUMBER COMPANY, Defendants, and A. FEEK, Garnishee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 2, 1896.              DECIDED JUNE 25, 1896.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE PERRY, IN PLACE OF WHITING, J., DISQUALIFIED.

Where a creditor of a company over whose property a receiver has been appointed by a foreign court has obtained an attachment here of a debt owing to such company, and the receiver intervenes, the attachment will be sustained in preference to the claim of the receiver, if the creditor is a domestic creditor; otherwise, if he is a resident of the State in which the receiver was appointed and is bound by the orders of its court.

OPINION OF THE COURT BY FREAR, J.

The plaintiff sued the defendants, who were partners in the State of Washington, for work and labor done and goods sold and delivered, and attached a debt owing to the defendants by a person temporarily in these islands. Service was made on one of the defendants, also temporarily here, but no appearance was made by or for them. The garnishee suggested that the debt was owing to a third person, one John Martin, who was thereupon cited in by the court. Martin appeared by attorney and set up among other things that he was, by appointment of a court in the State of Washington, receiver of all of defend-

ants' property, that the debt sued on was contracted in that State, that plaintiff and all the defendants were residents of that State, that said appointment had been recognized by the plaintiff and was binding on him and would be enforced against him by the courts of that State, and prayed that, as the rights of no Hawaiian citizens were involved, the receiver might be recognized by comity and the plaintiff remitted to his remedy in the State of Washington. The plaintiff then in effect denied that he had recognized the appointment of the receiver and alleged among other things that he was domiciled in these islands.

The court, jury having been waived, ruled that "the garnishment must hold and the funds in the garnishee's hands be held to abide the final action in the case."

To this ruling exceptions were taken by the receiver and the garnishee.

The basis for this conclusion by the trial court was that inasmuch as the appointment of the receiver did not operate as an absolute assignment to him of the defendants' assets, his claim could not be preferred to the claim of one who had already obtained an attachment. It seems to us that an essential issue was overlooked.

In general, a receiver appointed in one jurisdiction is not entitled as of right to recognition in another jurisdiction, but he may be recognized by comity, and whether he should or should not be recognized in any particular case depends upon the circumstances of that case. Where, as in this case, a creditor of a company over whose property a receiver has been appointed by a foreign court has obtained an attachment here of a debt owing to such company and the receiver intervenes, the rule is established that if the creditor is a domestic creditor his claim will be preferred to that of the receiver, for he is not subject to the foreign jurisdiction and it is the duty of a court to protect its own people first; but the rule is otherwise if the creditor is a resident of the state in which the receiver was appointed, and is bound by the orders of its court, for to prefer

his claim would be an act of unfriendliness and not of comity. *Bagby v. Atl., Miss. & Oh. R. Co.* 86 Pa. St. 291; *Gilman v. Ketcham,* 84 Wis. 60; *Bank v. McLeod,* 38 Oh. St. 174. See also *Boulware v. Davis,* 90 Ala. 207 (9 L. R. A. 601); *Catlin v. Wilcox, &c. Co.,* 123 Ind. 477; and note to *Long v. Forrest,* 23 L. R. A. 33 (150 Pa. St. 413). We cannot now state precisely the law applicable to the facts of this case, for we do not know fully what the facts will be found by the trial Judge to be. We merely state sufficient to show that there was a material issue between the parties which the trial court failed to consider.

A new trial is granted upon this issue.

*A. S. Hartwell,* for plaintiff.

*L. A. Dickey,* for receiver and garnishee.