## FISHER *v.* PACIFIC MUT. LIFE INS. CO.

### [72 South. 846.]

1. APPEARANCE. *Special appearance. Plea to jurisdiction. Statute. Injunction. Notice of writ. Necessity. Injunction against suit in another state. Courts. Comity. Judgment. Collateral attack.*

   Under Code 1906, section 3946, so providing when a defendant appeared for the purpose of pleading to the jurisdiction of the court it then and there entered its appearance for all purposes, and by such action was only entitled to a continuance of the suit to the next term of court upon its motion.

2. INJUNCTION. *Notice of writ. Necessity.*

   Where plaintiff demurred to defendant's plea in abatement that plaintiff was barred by injunction in another state from suing him, by such demurrer plaintiff admits the existence of the injunction and it was his duty to obey it, irrespective of official notice thereof.

3. SAME.

   If plaintiff did not know of the existence of the injunction until he filed his demurrer to such plea in abatement he will be presumed to have had knowledge of same at least from the time he filed his demurrer.

4. SAME.

   For an injunction to be binding it is not necessary that the defendant be served with the writ or otherwise officially notified of its existence. It is sufficient if he has received actual notice that an injunction has been issued against him.

5. INJUNCTION AGAINST SUITS IN ANOTHER STATE.

   A citizen of one state may be enjoined from prosecuting an action against another citizen of the same state in a foreign jurisdiction for the purpose of evading the law of his own state and this rule applies, although the suit enjoined has been commenced in another state before the injunction issues.

6. SAME.

   The rule, to the effect that a citizen of one state may be enjoined from prosecuting an action against another citizen of the same state applies equally when an injunction is sought to restrain a citizen of one state from prosecuting an action against a nonresident corporation doing business with lawful authority in such state.

7. COURTS. *Comity. Injunction. Suits in another state.*

Upon principles of comity, so long as an injunction issued by a court of another state against a citizen thereof, forbidding him to sue in other states remains in force, he will not be permitted to sue in the courts of this state.

8. JUDGMENT. *Collateral attack. Injunction.*

Where there is set up as a defense to an action, an injunction by a court of plaintiff's residence restraining him from suing defendant elsewhere than in that state, the correctness of such injunction decree cannot be questioned in such action.

APPEAL from the circuit court of Pearl River county. HON. A. E. WEATHERSBY, Judge.

Suit by Dr. J. B. Fisher against the Pacific Mutual Insurance Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. A. Shipman,* for appellant.

*G. T. Fitshugh,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pearl River county dismissing appellant's suit. The appellant, plaintiff in the court below, filed his suit against appellee, defendant there, seeking to recover as beneficiary in a life and accident insurance policy alleged to have been issued to the plaintiff's late wife whom the declaration avers died as a result of accidental injuries received while she was a passenger on a street car in Memphis, Tenn., in the year 1906.

The defendant filed two pleas in abatement. The first plea in abatement sets out that all the parties in interest resided in Tennessee or were doing business in Tennessee, and that the contract sued on was made in Tennessee; that the accident upon which the suit is based occurred in Tennessee; and that there is no outstanding obligation in the state of Mississippi. Where-

fore the plea avers that service of process served on it
in the manner provided by law for serving process on
the insurance commissioner for nonresident insurance
companies was not sufficient to subject the defendant in
this case to the jurisdiction of the circuit court of Pearl
River county.  A demurrer was interposed to this
plea, and was overruled. This was error, and that
regardless of whether the summons served on the in-
surance commissioner was sufficient to bring the defend-
ant into court or not, for the reason that under sec-
tion 3946 of the Code of 1906 when appellee appeared
for the purpose of pleading to the jurisdiction of the
court it then and there entered its appearance for all
purposes, and by such action was only entitled to a
continuance of the suit to the next term of court upon
its motion. *I. C. R. R. Co.* v. *Swanson,* 92 Miss. 485,
46 So. 83; *Standard Oil Co.* v. *State,* 107 Miss. 377, 65
So. 468.

The second plea in abatement alleged that the plain-
tiff since the commencement of this suit had been en-
joined from its further prosecution by the chancery
court of Shelby county, Tenn., the place where the plain-
tiff resided.  This plea sets out that the plaintiff is a
citizen of Shelby county, Tenn., was a citizen of said
state and county when the policy in question was is-
sued, and has resided there since that date, and that his
wife, Mrs. Lula A. Fisher, to whom the policy in ques-
tion was issued, was also a citizen of Shelby county,
Tenn., at the time said policy was written, and con-
tinued to reside there until her death in 1906; that the
defendant company, though a nonresident corporation,
is permitted to do business in Shelby county, Tenn.,
and is engaged in business there and has been so en-
gaged since said policy was issued; that a suit had
been brought by the plaintiff in this case against this
defendant on the same cause of action, and that the
identical matter here in controversy has been litigated
for about six years in the courts of Tennessee, and was

in litigation there until the date of the beginning of the present suit when the plaintiff herein voluntarily dismissed his suit in Tennessee; and that this suit was brought to harass and annoy defendant and to extort a compromise, and the plea sought a dismissal on the ground that to permit the plaintiff to continue to prosecute the present suit while the injunction against him proceeding therein was still in force in his own state would be in violation of interstate comity. To this plea a demurrer was filed, putting in issue the legal sufficiency of the defense set up by the second plea in abatement. The demurrer was overruled by the court, and the plaintiff's suit dismissed.

The appellant urges in this case that he was not bound by the injunction issued against him by the chancery court of his own state restraining him from prosecuting this suit for the reason that no writ or other sort of process had been served on him with reference to said injunction. Appellant's demurrer, however, to the second plea in abatement admits the existence of the injunction against appellant, and whether the same had ever been served on him or not if he knew the injunction existed it was his duty to obey it, and if Dr. Fisher did not know of the existence of the injunction until he filed his demurrer to the second plea of the appellee, which sets up same, he will be presumed to have had knowledge of same at least from the time he filed his demurrer to said second plea. For an injunction to be binding it is not necessary that the defendant be served with the writ or otherwise officially notified of its existence. It is sufficient if he has received actual notice that an injunction has been issued against him. Gibson's Suits in Chancery (2d Ed.), sec. 845; 1 High on Injunctions, sec. 17; *Farnsworth* v. *Fowler*, 1 Swan (Tenn.) 1, 55 Am. Dec. 718; *Baxter* v. *Washburn*, 8 Lea (Tenn.) 21; 22 Cyc. 1013.

And the rule is well established that a citizen of one state may be enjoined from prosecuting an action

against another citizen of the same state in a foreign jurisdiction for the purpose of evading the law of his own state. 22 Cyc. 814. And this rule applies, although the suit enjoined has been commenced in another state before the injunction issues. Joyce on Injunctions, vol. 1, sec. 606; High on Injunctions, vol. 1, sec. 106; Ruling Case Law, vol. 7, sec. 65, p. 1035.

It is hardly necessary to say that the above rule, to the effect that a citizen of one state may be enjoined from prosecuting an action against another citizen of the same state, applies equally when an injunction is sought to restrain a citizen of one state from prosecuting an action against a nonresident corporation doing business with lawful authority in such state.

We have no hesitation in deciding upon principles of comity that so long as the injunction remains in force issued by the chancery court of Shelby county, Tenn., against Dr. Fisher, a citizen of said jurisdiction, he will not be permitted to proceed with his suit in the courts in Mississippi. This contention is sustained by Joyce on Injunctions, vol. 1, sec. 79:

"Interstate Comity.—It has been decided by the supreme court of Wisconsin that where, in voluntary proceedings for the dissolution of a corporation of another state, a receiver is appointed by a court of that state, and the creditors are enjoined by the same court from prosecuting actions against the corporation, the Wisconsin courts will not aid a creditor so enjoined who violates the injunction by bringing an action against the corporation there resident, but will, on the contrary, in the exercise of interstate comity, pay due regard to the foreign injunction, so far as it does not conflict with the rights of the citizens of Wisconsin, and will recognize the superior right of the receiver to recover what is due from the Wisconsin resident to the corporation."

And the same is approved by Beach in his work on Injunctions at section 79. A leading case on this ques-

tion is the case of *Gilman* v. *Ketcham,* 84 Wis. 60, 54 N. W. 395, 23 L. R. A. 52, 36 Am. St. Rep. 899. The same position is taken by the supreme court of Pennsylvania in the case of *Bacon et al.* v. *Horne,* 123 Pa. 452, 16 Atl. 794, 2 L. R. A. 355; citing *Mulliken* v. *Aughinbaugh,* 1 Pen. & W. (Pa.) 117; *Speed* v. *May,* 17 Pa. 91, 55 Am. Dec. 540; *Law* v. *Mills,* 18 Pa. 185; *Moore* v. *Bonnell,* 31 N. J. Law, 97.

Counsel for appellant argued in his brief and in oral argument that the chancery court of Tennessee was in error in granting the writ of injunction issued at the instance of the appellee herein, but in view of the fact that the appellant is a citizen of Tennessee, and the appellee is engaged in business there, and the courts of Tennessee have full and complete jurisdiction over both the subject-matter and persons, we are of the opinion that it is not proper for this court to question the correctness of the finding of the Tennessee court, but hold that before the appellant can continue to prosecute his suit upon this cause of action in Mississippi he must obtain a dissolution of the injunction issued against the prosecution of said suit by the chancery court of Shelby county, Tenn.; and if said court was in error in issuing said injunction, he must first seek redress by an appeal to the proper appellate courts of Tennessee, for so long as said injunction remains in force it must be respected by the courts of this state.

*Affirmed.*