(76 South. 971)

T. L. BROWN & CO. et al. v. TISHOMINGO BANKING CO. et al. (6 Div. 576.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. RECEIVERS ⬡⟳209 — RIGHTS OF FOREIGN RECEIVER.

The policy of Alabama, expressed in the procedure of its courts, is, first, completely to protect its own citizens and laws, and then, on the ground of interstate comity, to extend to a receiver, officer of a sister state, such recognition and aid as a sound legal discretion may seem to require, meaning that in no case will the foreign receiver be permitted to maintain against citizens of Alabama claims in conflict with their rights under her laws.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬡⟳199 — RIGHTS OF CREDITORS — FOREIGN CREDITORS COMING INTO OTHER STATE.

Where Mississippi creditors of a Mississippi corporation which assigned for creditors, with other matters, its interest in an Alabama plantation, a county of Mississippi being another creditor, came into the courts of Alabama to obtain an advantage by Alabama law which they could not obtain by Mississippi law, the creditors and county could not take advantage of Alabama law on account of comity between states, but must abide by the laws of Mississippi.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬡⟳199 — REQUIREMENT THAT CLAIMS BE FILED—EFFECT OF DECREE.

If the Alabama court, in suit for sale for creditors by Mississippi creditors of Mississippi corporation which assigned for creditors its interest in an Alabama plantation, acted improvidently in requiring claims to be filed with it, such decree, not being made at the instance of a county of Mississippi, another creditor adverse to complainant creditors could not prejudice the county's right to a decree conserving its lawful interests, nor affect the duty of the court finally to make decree in accordance with the requirements of interstate comity.

⬡⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Pickens County; Thomas H. Smith, Judge.

Suit between T. L. Brown & Co. and others and the Tishomingo Banking Company and others. From the decree, T. L. Brown & Co. and others appeal. Affirmed.

Kirk & Rather, of Tuscumbia, for appellants. W. J. Lamb, of Corinth, Miss., for appellees.

SAYRE, J. The Tishomingo Banking Company, a Mississippi corporation, being insolvent, made an assignment of all its property for the benefit of its creditors assigning, along with the rest, its interest in a plantation in Pickens county, Ala. The deed of assignment, in so far as it purported to affect lands in this state, was defectively executed, and for that reason was inefficient to pass the legal title to such lands. Appellee Bennett, having been appointed trustee and receiver by the chancery court of Tishomingo county, Miss., filed this bill in the chancery court of Pickens county, Ala. The bill, which on its face shows that it was ancillary to a proceeding pending in the Tishomingo chancery court wherein the trust was being administered, prayed for a sale of the bank's interest in the Pickens county plantation and a transfer of the proceeds to the Tishomingo chancery court, there to be distributed under the orders of that court, or for other proper disposition thereof for the benefit of the bank's creditors. The creditors were parties to both proceedings; that in Mississippi, and that in this state. Alabama creditors filed a petition in the chancery court of Pickens county representing that if the fund to be realized from the sale of the Alabama plantation was to be transferred to Mississippi and administered in the court of that state, the same would be subject to a priority and preference provided by the laws of that state in favor of the county of Tishomingo, a Mississippi creditor whose claim, amounting to $45,000, would absorb and consume the entire fund, thereby denying to petitioners and the other Alabama creditors a share in said assets. After the lands in this state had been sold, the sale confirmed, and proceedings had for the ascertainment of claims against the fund, the chancellor made a decree ordering the payment of the pro rata shares of the several amounts due to creditors, other than the Mississippi creditors, and directing the balance of the fund to be transferred to the Mississippi court, there to be administered and distributed among the other creditors of the insolvent corporation. Creditors, other than the county of Tishomingo, residing in the state of Mississippi, have appealed.

[1, 2] The chancellor made a proper disposition of the fund. The proceeding here was in form and effect ancillary to that in the Mississippi court, and the policy of this state, expressed in the procedure of its courts, is, first to completely protect its own citizens and laws, and then, on the ground of interstate comity, to extend to the officer of the sister state such recognition and aid as a sound legal discretion may seem to require, meaning, for one thing, that in no case will the foreign receiver be permitted to maintain against citizens of this state claims in conflict with their rights under her laws. Boulware v. Davis, 90 Ala. 207, 8 South. 84, 9 L. R. A. 601. This much with reference to the chancery court's allowance, pro rata, of the claims of the Alabama creditors. Of what has been done for them they are not complaining, and this we say without expecting to be understood as intimating that they were entitled to more. Jones v. Drewry, 72 Ala. 311. As for the case between the county of Tishomingo and the appealing creditors—the contest is really between them, the receiver being a mere stakeholder subject to the orders of the court—they must abide the laws of Mississippi to be administered in the courts of that state. The appealing creditors are residents of that state, and their adversary is a constituent part of it. Appellants, to quote for the rest the apt language of the Supreme Court of Pennsylvania, "come into this state to obtain an advantage by our law which they could not obtain by their own. They are seeking to nullify the law of their own state and ask the aid of our court to do so. This they cannot have. If for no other reason, it is forbidden by public policy and the comity which exists between the states. This comity will always be enforced when it does not conflict with the rights of our own citizens." Bacon v. Horne, 123 Pa. 452, 16 Atl. 794, 2 L. R. A. 355; Gilman v. Ketcham, 84 Wis. 60, 54 N. W. 395, 23 L. R. A. 52, 36 Am. St. Rep. 899.

[3] Appellants insist that they were entitled to different consideration at the hand of the court because, they say, they are unable to understand upon what theory of law the lower court proceeded in requiring nonpreferred creditors in Mississippi to go to the expense of filing their claims, and then denying them the right to share in a distribution of the assets, and, further, and somewhat in the same line of argument, it is said that, if the preferred creditor desired to prevent the nonpreferred Mississippi creditors from participating in the Alabama assets, it should have so declared itself before the last-named creditors incurred the expense of filing their claims in the Alabama court, thus seeking to raise up a sort of estoppel against the preferred creditor and the decree of the court which remitted their claims to the adjudication of their own court in Mississippi. We think it enough to say that the court, on the prayer of the receiver, brought all the other parties into court, not implying thereby the promise of any decree to a prearranged effect, but only that parties

might be heard and their claims of priority, or what not, adjudicated according to law, and, besides, the chancery court of Pickens adjudicated nothing in respect of the question disputed between the Mississippi creditors, leaving that to be determined in their own court, where, if the issue has not been already determined against them after due hearing, they will not be heard to complain that the law will not be duly executed. If the court acted improvidently in requiring claims to be filed, that decree was not made at the instance of Tishomingo county, could not prejudice its right to a decree conserving its lawful interests, nor affect the duty of the court in the end to make a decree in accordance with the requirements of interstate comity.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.