# DeTurck, Appellant, v. Woelfel (No. 1).

*Assignment for creditors—Situs of debt—Foreign assignee.*

Where a Pennsylvania corporation has complied with the laws of Maryland, and is lawfully engaged in business there, and contracts in that state a debt to a citizen thereof, and subsequently the creditor makes an assignment for the benefit of creditors in Maryland, the debt passes as an asset of his estate to the Maryland assignee, and is not subject to subsequent attachment in Pennsylvania.   In such a case the Act of May 3, 1855, P. L. 415, requiring the assignments of nonresidents to be recorded within any county where the assignor's estate is situate within Pennsylvania, has no application.

Argued Oct. 16, 1901.   Appeal, No. 95, Oct. T., 1901, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., June T., 1898, No. 14, on case stated in case of Jacob G. DeTurck and Harry Bassett, trading as DeTurck, Bassett &, Company v.

George Woelfel, Defendant, and Pennsylvania Fire Insurance Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated in foreign attachment.

Case stated was as follows:

The following facts are agreed upon by the parties hereto:

The plaintiffs are citizens of the state of Pennsylvania. The said George Woelfel, the defendant, for several years prior to the date of this writ and up to the present day, has been a resident of the city of Baltimore and the state of Maryland, where he was engaged in business.

By deed dated April 15, 1898, and recorded on the same day in the land and chattels records of the city of Baltimore, in the clerk's office of the Superior Court thereof, a certified copy of which was recorded in the recorder of deed's office of Philadelphia, on May 20, 1898, in deed book W. M. J. 283, p. 557, etc., the said George Woelfel for legal consideration, voluntarily granted and conveyed all his real and personal property, including his right to the funds in dispute, to the said George R. Willis, Esq., in trust, for the general benefit of his creditors.

The deed was acknowledged, executed, recorded and properly delivered under the laws of the state of Maryland and the trustee thereunder lawfully entered upon the duties of his trust.

On April 18, 1898, the plaintiffs issued a foreign attachment out of this court as of the above term and number as against the said George Woelfel, defendant, attaching and summonsing the said Pennsylvania Insurance Company, garnishee.

The said garnishee is a corporation chartered by and existing under the laws of the state of Pennsylvania.

At the time of the said deed of assignment by the said George Woelfel to the said George R. Willis, Esq., trustee, as aforesaid, the said garnishee was indebted to the said George Woelfel in the amount of an adjusted fire loss under certain policies previously written by it in the city of Baltimore, and the amount of said indebtedness was attached by plaintiffs under said writ of foreign attachment.

The said garnishee, prior to and at the time of issuing of its said insurance policy, and long prior to April 15, 1898, and on that day had an office and agency in the said city of Baltimore

and a legally authorized agent upon whom service of process might be made, and had to that end complied with the laws of the state of Maryland in force relating to fire insurance companies. And also at the same time an office and agent in Pennsylvania registered under the laws thereof.

On April 15, 1898, the said garnishee had constructive notice of the said assignment by George Woelfel to the said George R. Willis, Esq., in trust under the laws of the state of Maryland.

And on April 18, 1898, actual notice thereof was received by the agent of the said garnishee in Baltimore and by the home office on April 20, 1898.

By virtue of the said deed of assignment to George R. Willis, Esq., and the laws of the state of Maryland, the right of the said George Woelfel to any sum of money due or which might become due to him from the said garnishee, passed to the said trustee at the date of the said deed unless affected by attachment issued in this case.

That at the time of the issuance of this attachment the said plaintiffs had no notice of said assignment by George Woelfel to the said George R. Willis, Esq., in trust, except that on April 15 or 16, 1898, they cannot say which, they were informed by a business acquaintance who had heard thereof through entirely separate sources, and who was not connected with the plaintiffs, that the defendant was in financial trouble, but said informant did not state the nature thereof nor that an assignment had been made.

It is further agreed by the parties hereto that if under the above facts the plaintiffs are in law entitled to recover, judgment shall be entered in their favor for the amount of the said fund, to wit: $144.25, otherwise judgment shall be entered in favor of George R. Willis, Esq., trustee.

The right of appeal is hereby reserved by the parties hereto.

*Error assigned* was in entering judgment for the trustee on case stated.

*C. Wilfred Conard,* with him *Allen C. Middleton,* for appellant.—The situs of a debt has been fixed at the domicil of the debtor by the decisions of our highest courts, and by a preponderance of legal opinion in the United States: Chicago,

etc., Ry. Co. v. Sturm, 174 U. S. 710; King v. Cross, 175 U. S. 396; Chambers v. National Fire Ins. Co., 53 N. J. Eq. 468; Cross v. Brown, 19 R. I. 220; Hannibal, etc., R. R. Co. v. Crane, 102 Ill. 249; Leiber v. R. R. Co., 49 Ia. 688; Nichols v. Hooper, 61 Vt. 295; Wyeth Hardware & Mfg. Co. v. Lang, 54 Mo. App. 147; Mooney v. Buford, 72 Fed. Repr. 32; Wabash R. R. Co. v. Dougan, 142 Ill. 248; Philson v. Barnes, 50 Pa. 230; Steel v. Goodwin, 113 Pa. 288; Davis v. Tingley, 116 Pa. 113.

The natural situs of a debt owing by a corporation is the place of its incorporation, and while the company may voluntarily have made itself liable to suit in another state, the debt is still owing by a Pennsylvania corporation, and that cannot be changed: Ex parte Schollenberger, 96 U. S. 369 (1877); Mooney v. Buford, 72 Fed. Repr. 32; Harvey v. Great Northern Ry. Co., 50 Minn. 405; National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468.

The attachment takes the fund in the hands of the garnishee ahead of the assignee, although the assignment antedates the attachment, because the assignment was not recorded within the commonwealth as required by the act of May 3, 1855, and no notice was given to the plaintiff: Philson v. Barnes, 50 Pa. 230; Steel v. Goodwin, 113 Pa. 288; Bacon v. Horne, 123 Pa. 452; Roche v. Rhode Island Ins. Assn., 2 Ill. App. 360; Chemical Nat. Bank v. Tuttle, 17 W. N. C. 415.

*David Jay Myers,* for appellee.—When the deed of assignment was made, to wit: on April 15, 1898, the debt, the debtor, and the creditor were all citizens of Baltimore, and consequently the trustee had no occasion to come to Philadelphia to complete his title to the debt or for its recovery or to record his deed here under the act of 1855.

The law distinguishes between voluntary and involuntary transfer of movable property, and hence the principle of the law relating to the distribution of the assets of a decedent's estate does not apply: Speed v. May, 17 Pa. 91; Lowry v. Hall, 2 W. & S. 129.

OPINION BY RICE, P. J., February 14, 1902:

Prior to the Act of May 3, 1855, P. L. 415, an assignment

for the benefit of creditors made in Maryland and valid under the laws of that state would have protected this debt from subsequent attachment in Pennsylvania: Speed v. May, 17 Pa. 91; Law v. Mills, 18 Pa. 185; Philson v. Barnes, 50 Pa. 230. See also Noble v. Thompson Oil Co., 79 Pa. 354. The act of 1855 declares, that whenever any person making an assignment of "his or her estate situate within this commonwealth," for the benefit of creditors, shall reside out of this state, such assignment may be recorded within any county "where such estate, real or personal may be," and take effect from its date; provided, that no bona fide purchaser, mortgagor or creditor having lien thereon before the recording, and not having had previous actual notice thereof, shall be affected or prejudiced by such assignment. If the situs of the debt at the time of the assignment was in Pennsylvania, not in Maryland, the act of 1855 applies. The debt would be deemed part of the estate of the defendant "situate within this commonwealth" if he were compelled to come to this state to collect it. See opinion by Mr. Justice McKENNA in Chicago and Rock Island, etc., Ry. Co. v. Sturm, 174 U. S. 710. Accordingly it has been held that where a natural person, resident in Pennsylvania, owes a debt to a nonresident, the act of 1855 applies: Philson v. Barnes, 50 Pa. 230; Steel v. Goodwin, 113 Pa. 288. Of course the same would be true and applicable here, if the debtor were a Pennsylvania corporation which could be reached by process in Pennsylvania only. But here, the corporation debtor had complied with the laws of Maryland and was lawfully engaged in business in that state; it was subject to process there; its creditor resides there; the contract out of which the debt arose was made, and, for aught that appears, was performable there; in short it was a Maryland contract. See Burnett v. Pennsylvania R. R. Co., 176 Pa. 45, and Healy v. Eastern Building and Loan Assn., 17 Pa. Superior Ct. 385. The creditor needed not the aid of our courts or laws to collect the debt, nor did the trustee in the deed of assignment need their aid to perfect his title. The courts of Maryland could have compelled the appropriation of the debt to the payment of the creditor's debts to others, by attachment. The argument of the appellant's counsel necessarily concedes that the debt had a situs in Maryland for that purpose at least. But as the

creditor, being insolvent, chose to make the appropriation himself by a voluntary assignment for the benefit of all his creditors, and as the laws of Maryland were complied with in all particulars, we are of opinion that the right of the trustee to the money was complete without the recording of the deed in Pennsylvania, and was not divested nor impaired by the subsequent attachment. The manifest object of the act of 1855 was to protect our own citizens (Bacon v. Horne, 123 Pa. 452; Long v. Girdwood, 150 Pa. 413; Hilliard v. Enders, 196 Pa. 587; and is sustainable as a regulation of the transfer of property situate within this commonwealth. " When this power is asserted by legislation of the state where the property is situate, any principle of comity in conflict therewith must not render the legislation invalid: " Steel v. Goodwin, 113 Pa. 288. But here the right of the trustee to the money rests upon a broader foundation than the principles of comity between states. He does not come into the courts of this state to perfect the transfer to him, or because he was compelled to do so to collect the debt, and is not to be deemed to have forfeited this right by a course which was manifestly for the protection and in relief of the stakeholder. To hold that the act of 1855 applies to such a case as is here presented is to give it an extraterritorial effect, which, presumably, was not intended by the legislature.

The judgment of the court below on the case stated is affirmed.