RICKETS *v.* RICKETS.*

(Division B. Nov. 19, 1928. Suggestion of Error Overruled Dec. 17, 1928.)

[119 So. 194. No. 27410.]

794

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 1462, p. 1330, n. 44; section 1568, p. 1404, n. 65; 4CJ, section 2541, p. 649, n. 36; section 2598, p. 694, n. 98; Equity, 21CJ, section 692, p. 560, n. 92; section 698, p. 565, n. 53; Injunctions, 32CJ, section 669, p. 395, n. 26; section 727, p. 425, n. 28; section 731, p. 426, n. 51.

*Chapman, Moody & Johnson,* for appellant.

798

*Ward Allen* and *Meserve, Mumper, Hughes & Robertson,* of Los Angeles, Cal., for appellee.

802

Argued orally by *C. C. Moody,* for appellant, and *Ward Allen,* for appellee.

ANDERSON, J. Appellee filed her bill in the chancery court of Sunflower county against appellant, her husband, to enjoin the latter from negotiating and transferring certain bank time certificates of deposit, aggregating one hundred fifty-seven thousand four hundred thirty-seven dollars and five cents, standing in the name of appellant, but which, appellee alleged in her bill, represented funds which had come into the hands of appellant as her agent, and which belonged to her. A temporary injunction was issued and served in accordance with the prayer of the bill. The cause was heard on appellant's motion to dissolve the injunction, and proofs. Appellant's motion to dissolve the injunction was overruled, and an appeal was granted appellant from the order overruling the motion, for the purpose of settling the governing principles of the cause.

The basis of appellee's case is stated in her bill as follows:

"The defendant is the husband of complainant and has been since about January 10, 1914, and for a long time prior and continuously up to about the 4th day of December, 1927, defendant was the confidential and trusted agent of complainant, having her unlimited and full written power of attorney as her agent to transact business for her, including the power to execute and sign instruments in her name and to collect and receive money for her, acting under said power of attorney, and always in all her business as her confidential and trusted agent; that as such confidential and trusted agent, said defendant, D. P. Rickets, during the course of said agency and up to about the 4th day of December, 1927, received for complainant, and as her money and property, large sums of money aggregating the total sum of one hundred fifty-seven thousand, four hundred, thirty-seven and 05/100 dollars ($157,437.05); that for the purpose of convenience and in order that said defendant, as such agent of complainant, might the easier handle her money, said defendant, Rickets, deposited said money as the property of plaintiff, in his own name, in certain banks in the State of Mississippi; that said money, being the property of complainant, was thus deposited by said defendant in his own name in said banks, and not as and being his own property, but as and being the property of complainant, received by him as complainant's agent and attorney; that said course of conduct and business continued for many years up to and about December 4, 1927."

Before appellant made the motion to dissolve the temporary injunction, he had answered the bill. That part of appellant's answer which was responsive to that portion of appellee's bill above quoted follows:

"He denies that he was the confidential and trusted agent of the complainant, and, during the course of said agency, which is denied, and up to about the 4th day of December, 1927, he received for the complainant, as her

money and property a large sum of money aggregating the total sum of one hundred fifty-seven thousand, four hundred thirty-seven and five one-hundredths dollars, and he expressly denies that said sum of money, or any part thereof, referred to in the bill of complaint, belonged to the complainant. But, to the contrary, he expressly states and charges that all of said money belonged to him, this respondent, and that the complainant has not and never had any ownership of the same, or any part thereof. He denies that for purposes of convenience, and in order that this respondent, as the agent of the complainant, which is denied, might the easier handle her money, which is denied, this respondent deposited said money, as the property of complainant, which is denied, or placed it in his own name, in certain banks in the state of Mississippi, and he again denies that said money, deposited by this respondent in his own name was the property of the complainant, and he denies that the same was received by him as the complainant's agent and attorney, and he denies that, so far as said money, or any part thereof, is concerned, the conduct and business continued for many years up to and about December 4, 1927. . . .

"Respondent denies that said exchange issued by Mississippi banks, certificate of deposit or cashier's checks, issued by the State Bank of Nixon, in the state of Texas, and the certificate of deposit issued by said Florence and Vermont Branch of the Bank of Italy National Trust and Savings Association, all as charged in said bill of complaint, were the property of the complainant."

Evidently appellee, in her bill, undertook to state a case coming within the principles declared in *Hendricks* v. *Peavy*, 78 Miss. 316, 28 So. 944, construing section 2520, Code of 1906 (Hemingway's 1927 Code, section 2188).

At the hearing of the motion to dissolve the injunction, the court ruled that the burden of proof was on appel-

lant, the movant. That action of the court is assigned and argued as error by appellant.

Both the bill and answer were sworn to, but an answer under oath was waived by the bill. Where the complainant in his bill waives an answer under oath, the answer, whether sworn to or not, is not evidence for the defendant. Secton 585, Code of 1906 (Hemingway's 1927 Code, section 360).; *Hentz* v. *Delta Bank*, 76 Miss. 429, 24 So. 902. Therefore the sworn bill, and answer, in this case, simply presented issues of fact for the determination of the court. Neither party could rely on his pleading as evidence.

On the hearing of a motion to dissolve, the burden of proof is on the movant to establish the grounds for dissolution. 32 C. J. 426, section 731. Appellant seems to concede that to be the general rule, but contends that it does not apply here, because the injunction granted in this case was on the *ex parte* application by appellee. Appellant's position is that, where the injunction has been granted on a hearing of both parties, there is sound reason for the application of the rule that the burden of proof is on the movant to dissolve his injunction, because, in such a case, the complainant has the right to stand on the decree of the court in his favor, awarding the injunction; but that the reason of the rule fails where the injunction is granted on an *ex parte* hearing, because the granting of the injunction on such a hearing does not amount to a finding by the court of the existence of grounds for the injunction. We know of no authority making such a distinction, and we see no reason therefor. Where a complainant makes application for an injunction, whether the application is *ex parte* or on a hearing of both parties, he is required to satisfy the court, by oath or other means, that irreparable injury will probably result if an injunction is not issued. Section 608, Code of 1906 (Hemingway's 1927 Code, section 382). We

see no reason, therefore, for giving any more weight to the order of the court awarding the injunction in the one case than in the other. In either case, the complainant is entitled to stand on the order of the court granting the injunction, as making out a *prima-facie* case in his favor, that the injunction was not improvidently issued. The rule, therefore, is that the burden of proof, on a motion to dissolve an injunction, is on the movant, because he is called upon to overcome complainant's *prima-facie* right to the injunction, based on the action of the court granting the writ.

On the trial of the motion to dissolve, appellant undertook to meet the burden of proof, which the court ruled was upon him, by offering to show all the money and property, of whatsoever kind and character, belonging to appellee, which had come into his hands, and the disposition he had made thereof. A large part of such evidence offered by appellant was in the form of canceled checks and receipts for money paid by him to appellee. The most, if not all, of this character of evidence, on objection by appellee, was ruled out by the court. That action of the court is assigned as error by appellant. As we understand, the court ruled out this character of evidence upon the ground that by it the appellant was seeking to prove an affirmative defense which had not been set up in his answer. We think the court was in error in so ruling; we do not think it was an affirmative defense. Appellant's answer to the bill was as specific and definite as the allegations of the bill. The bill charged that the bank time certificates of deposit, decribed in the bill, represented money belonging to appellee, and not to appellant. Appellant denied that allegation in his answer. In undertaking to meet the burden of proof, on his motion to dissolve the injunction, he offered the evidence in question, which tended to show all the funds which had ever come into his hands, belonging to appellee, and

that he had paid over to appellee the greater part of such funds. We have not examined each piece of the great quantity of evidence of this character offered by appellant, in order to determine whether or not, under our view, it was relevant to the issue. We do not deem that necessary. We simply hold that any competent and relevant evidence offered by appellant for the purpose of accounting for all the funds which had come into his hands, belonging to appellee, his wife, should have been admitted by the court. If by such evidence appellant should be able to establish that he had accounted for and paid over to appellee all the funds he had ever received of hers, certainly it would result that appellee could not be the owner of the bank time certificates of deposit in question. We think, with the statement of this principle, that the trial court will have no difficulty in passing upon the admissibility of the evidence offered by appellant.

Appellant assigns and argues as error the action of the court in overruling his motion to dissolve the injunction. The matters to be taken in consideration, in determining whether or not a motion to dissolve an injunction should be sustained or overruled, are thus stated by Griffith, in his Mississippi Chancery Practice, at page 482, section 456:

"*Many considerations influential on motions to dissolve.*—When however there has been no agreement to have the hearing treated as a final one, many considerations are influential with a chancellor in determining his action as to dissolving an injunction or retaining it, until full proof or final hearing. As to whether the complainant will suffer more from the dissolution of the injunction than the defendant from its retention, as to whether the bill shows a probable right and a probable danger to that right unless the injunction be retained; and there are many other considerations addressing themselves to the sound judicial discretion of the court.

Very wide latitude, necessarily, must be allowed the trial court. The effectuation of right, the vindication of justice, is the object here as everywhere in judicial proceedings; and when fraud is charged the reasons for retaining the injunction are greatly strengthened. In case of conflicting testimony, where serious questions of law and fact are at issue between the parties, and where a dissolution will practically defeat or greatly impair the relief sought, a motion to dissolve on bill, answer, and affidavits should not be sustained. If (1) there be sharply controverted questions of fact presented only on affidavits, or if the showing has been attenuated and unsatisfactory, and (2) irremediable injury would likely follow a dissolution, or where it would defeat all practicable relief if the complainant should finally establish his right the injunction should be retained until the case can be fully developed and fully heard on its merits; or, to sum up the whole matter in short, a temporary injunction should not be dissolved on motion, but should be retained for final hearing or for full proof where such a course is necessary to do complete justice between the parties.''

Applying these principles, we cannot say that the chancellor erred in overruling the motion to dissolve the injunction.

*Affirmed in part, reversed in part, and remanded.*

### On Suggestion of Error.

Appellant's examination of appellee as an adverse witness developed that appellant leased from appellee her plantation for a period of ten years, beginning with the year 1921, at an annual rental of two thousand dollars per year. Appellee showed by her testimony that this lease was in writing, which was offered in evidence. Appellee testified, however, that the annual rental of two thousand dollars was never paid by appellant. This evidence was admitted over the objection of appellee. Ap-

pellee contends that the question of the admissibility of this evidence is one of the governing principles of the cause, which the court ought to settle on this appeal, for the guidance of the trial court on the hearing of the cause on its merits.

The granting of an appeal to settle the principles of a cause does not necessarily bring before the supreme court all the questions presented to and passed upon by the trial court, but only such questions as are raised by the appellant's assignment of errors. In the opinion handed down in this case, as we understand the record, and the written and oral arguments of the attorneys for the respective parties, all the questions raised by appellant's suggestion of errors were decided. We did not pass on the question of the admissibility of appellee's testimony with reference to the lease, because it was not presented for decision. Appellant did not, and could not, have assigned the action of the court in overruling appellee's objection to the testimony as error, because it was testimony offered by appellant, and the ruling of the court was, therefore, in appellant's favor. If appellee deemed that the question involved one of the controlling principles of the cause, which should have been settled on appeal, it was her duty to take a cross-appeal, and file a cross-assignment of error, setting upon the action of the court in that respect as error.

Appellee argues, further, that the question should be determined on this appeal whether, on the trial of the cause on its merits, when it goes back, the testimony given by appellee on the motion to dissolve the injunction will be admissible under section 1917, Code of 1906 (section 1650, Hemingway's Code of 1927), which provides, among other things, that a party to a cause shall not be a competent witness to establish his own claim or defense against the estate of a deceased person which originated during

the lifetime of such deceased person; the appellant having died pending the appeal.

This question was not, and could not have been, presented to the trial court, because at that time the appellant was alive. Under the Constitution, the supreme court is a court of appeals; it has no original jurisdiction. It can only review and decide questions that may arise on another trial of the cause, when it is remanded to the trial court.

In other respects appellee's suggestion of errors is only a reargument of the questions decided in the opinion handed down. We have given these questions the most thorough consideration of which we are capable, and we see no sound reason for changing our views with reference thereto.

*Suggestion of error overruled.*