## DAVIS v. HALE, CHANCERY CLERK.

(Division B. Nov. 11, 1929.)

[124 So. 370. No. 28101.]

**Engle & Laub**, of Natchez, for appellant.

**Kennedy & Geisenberger**, of Natchez, for appellee.

Argued orally by **Chas. F. Engle**, for appellant, and by **W. A. Geisenberger**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from the circuit court of Adams county from a judgment for the defendant in the suit of Mrs. Lisa S. Davis against W. H. Hale, chancery clerk.

The declaration alleged: That on the 4th day of February, 1929, Natchez Hotel Company presented to Hon. R. W. Cutrer, chancellor of the district of which Adams county is a part, an original bill in which Mrs. Lisa Davis was party defendant, and obtained a fiat for an injunction against Mrs. Lisa S. Davis to restrain her from further prosecution of proceedings in a suit in the civil district court of the parish of Orleans, state of Louisiana, in which suit Mrs. Davis was suing the hotel company for three thousand eight hundred eighty-five dollars, which suit had been instituted by attachment and garnishment in said court. That on February 6th the hotel company filed the said bill with the fiat of the chancellor with W. H. Hale, clerk of the chancery court of Adams county, and presented W. H. Hale a bond which

did not show any one as surety, and conditioned as follows: "Now if said Natchez Hotel Company in case the said injunction shall be dissolved, shall within thirty days thereafter, well and truly pay and satisfy all such costs and damages as shall wrongfully result from suing out this injunction, and shall abide by, and perform the decree of said chancery court, then this obligation shall be void, otherwise, same shall remain in full force and virtue."

It is further alleged that the said bond was not conditioned as required by section 383, Hemingway's Code of 1927 (section 609, Code of 1906), and did not specifically provide, as required by law, that complainants should pay all money and costs due or to become due to the plaintiff in the action at law, that said W. H. Hale approved said bond not conditioned according to law, and that bond does not show two sureties thereon, or any surety; and prayed for statutory penalty of five hundred dollars under section 383 of Hemingway's 1927 Code (section 609, Code of 1906), and for other damages.

The bond taken and approved by the clerk, upon which this suit is founded, reads as follows:

"The State of Mississippi, Adams County—ss.:

"Know all men by these presents, That we, Natchez Hotel Co. are held and firmly bound unto Mrs. Lisa Davis and A. V. Davis in the sum of eight thousand dollars, to be paid to the said Mrs. Lisa Davis and A. V. Davis, their heirs, executors, administrators or assigns, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 6th day of February, 1929.

"The condition of the above obligation is such, that whereas the above bound Natchez Hotel Company has

this day obtained from the Honorable R. W. Cutrer injunction from prosecution of further proceedings in that certain cause in the civil district court for the Parish of Orleans in the state of Louisiana, styled 'Mrs. Lisa S. Davis v. The Natchez Hotel Company' and numbered #178,186 for the sum of three thousand eight hundred eighty-five dollars and from any further proceedings in said court against the proceeds of certain insurance policies in said declaration described and described in the bill of complaint filed herein until the same can be heard and determined in the Honorable chancery court of Adams county, state of Mississippi.

"Now, if the said Natchez Hotel Co. in case the said injunction shall be dissolved, shall within thirty days thereafter, well and truly pay and satisfy all such costs and damages as shall wrongfully result from suing out this injunction and shall abide by, and perform the decree of said chancery court, then this obligation shall be void, otherwise, the same shall remain in full force and virtue.

"Signed, sealed and delivered in presence of

"Natchez Hotel Co., Prin.

"L. T. Kennedy

"W. A. Geisenberger

"M. R. Beltzhoover.

"Approved W. H. Hale, 2/6/29

"W. H. Hale, Chy. Clerk."

The circuit court decided for the defendant, and sustained a demurrer to the declaration, from which this appeal is prosecuted.

It will be observed from reading the bond that the body of the bond does not name any one as surety, nor does it name any one as principal, except Mrs. Lisa S. Davis and A. V. Davis; their signatures to the bond are as "Natchez Hotel Company, Prin." We think this sh that Natchez Hotel Company was the principal in the

bond. It is further evident from the recitals of the bond that the Natchez Hotel Company was the principal. The bond was also signed by L. T. Kennedy, W. A. Geisenberger, and M. R. Beltzhoover, without anything to indicate in what capacity they signed. Inasmuch as the clerk approved the bond, and the law required sureties to the bond, in the absence of any indication to the contrary, it will be presumed, or held, that the signing was as surety. There is no averment in the declaration that the parties who signed the bond as above stated were not in fact sureties. It is manifest from the declaration and the bond that the three parties last named were sureties in fact, and it certainly was competent to show that they were sureties had that question been put in the issue.

The principal contention is that under section 383 of Hemingway's Code of 1927 (section 609, Code of 1906), the bond was not taken in accordance with law, or without having first taken the bond as required by law, and that the condition of the bond taken is not in accordance with requirement of this section. The section reads in full as follows:

"An injunction to stay proceedings at law shall not be issued until after the party obtaining the fiat for the same shall enter into bond, payable to the plaintiff at law, in double the amount of the debt sought to be enjoined, with two or more sufficient sureties, to be approved of by the judge or chancellor, or by the clerk issuing the injunction, conditioned for paying all money and costs due or to become due to the plaintiff in the action at law, and also such costs and damages as shall be awarded against him in case the injunction shall be dissolved; which bond shall be taken by the clerk issuing the injunction, and shall be by him filed with the bill. If any clerk shall, in any case, issue an injunction without having first taken bond as required by law, he shall

forfeit to the party aggrieved the sum of five hundred dollars, to be recovered in an action, and shall, moreover, be liable on his official bond for all damages sustained thereby.''

We think the bond was a good and valid bond by virtue of the provisions of section 778 of Hemingway's Code of 1927 (section 1022, Code of 1906), which reads as follows:

''When a bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, or for the performance of any public contract, or for the faithful discharge of any duty, it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned; and the persons executing such bond or other undertaking shall be bound thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as perscribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertaking, payable and conditioned as prescribed by law, would have had; and where any such bond or undertaking is not for any specified sum, it shall bind the parties executing it for the full amount for which any bond or undertaking might have been required in the state of case in which it was given.''

It is manifest that the purpose of this section was to correct oversights and defects in taking a bond in legal proceedings, and that this last-named statute has the effect of writing the conditions required by law into the bond where the bond is approved, and served the purpose for which it was intended to serve.

The bond is in the proper penalty, and is signed by the required sureties, and the conditions required by

law are, by operation of law by the last-named section, written into the body of the bond; therefore, when the bond was filed by the complainant and approved by the clerk, it became in legal effect conditioned according to the law as fully as if the bond had been written out in accordance with the statute. The appellants were not in any manner injured or put to any trouble by reason of the bond so approved, and the court was correct in holding that there was no liability on the part of the chancery clerk for either the statutory penalty or for the damage claimed. There was therefore no error in the court sustaining the demurrer and dismissing the bill, and the judgment is affirmed.

Affirmed.