DAVIS *et al. v.* NATCHEZ HOTEL CO.

(Division A. June 9, 1930. Suggestion of Error Overruled June 26, 1930.)

[128 So. 871. No. 28032.]

Jno. D. Miller, of New Orleans, La., and Engle & Laub, of Natchez, for appellants.

**Engle & Laub,** of Natchez, for appellants.

**Kennedy & Geisenberger,** of Natchez, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Adams county overruling a motion to dissolve an injunction previously granted restraining the prosecution of a certain cause of action pending in the courts of the state of Louisiana.

The bill of complaint upon which the temporary injunction was issued was filed by the Natchez Hotel Company, a Mississippi corporation domiciled at and doing business in the city of Natchez, Mississippi, against Mrs. Lisa S. Davis and her husband, A. V. Davis, resident citizens of Adams county, Mississippi, Britton & Koontz National Bank, domiciled at and doing business in Natchez, Mississippi, and a large number of fire insurance companies alleged to be doing business in the county of Adams in the state of Mississippi, and to be subject to process therein. The bill of complaint alleged that the appellee, Natchez Hotel Company, was engaged in the hotel business in the city of Natchez, and is the owner of a hotel building in said city, on which there is an indebtedness in the form of a bond issue secured by a mortgage thereon; that in accordance with the provisions of said mortgage the appellee obtained fire insurance in the several defendant insurance companies, each of said policies containing a mortgage clause making the loss, if any, payable to the Britton & Koontz National Bank, as trustee, for the benefit of the bondholders; that the appellant, A. V. Davis, was one of the original incorporators of the Natchez Hotel Company, and was secretary and treasurer of the said corporation, and as such attested the mortgage securing said bonds, and was also a stockholder, director, or partner in an insurance agency at Natchez, and caused the fire insurance contracts to be placed with said defendant insurance companies through the said insurance agency.

The bill further averred that in 1927, while the appellant, A. V. Davis, was a stockholder therein, the appellee

was largely indebted to various parties, and was unable to pay such indebtedness; that without any action on the part of appellee, its stockholders, including A. V. Davis, agreed among themselves to each put up a certain percentage of the par value of their stock for the purpose of protecting the stock and paying off the outstanding indebtedness owing by the appellee, and thereby giving some value to the stock; that thereupon the appellant, A. V. Davis, upon a pledge of sixty shares of stock of the appellee company, borrowed three thousand eight hundred eighty-five dollars, his pro rata share of the indebtedness of the appellee company, and paid said sum on said indebtedness.

It was further averred that thereafter the Natchez Hotel Company property was damaged by fire, and the loss was adjusted by each of the fire insurance companies acknowledging liability for a stated sum, which amounts were payable to the Britton & Koontz National Bank, trustee, under the provisions of the mortgage and the policies of insurance; that the appellee company, being without funds to immediately repair the damage to its property, borrowed from the Britton & Koontz National Bank the money necessary to make such repairs, upon an agreement that it might apply the proceeds of the insurance checks, when received, to the discharge of the indebtedness it thus created, the checks being of necessity payable to the said bank as trustee.

It was further averred that the fire loss to the appellee was repaired with the money advanced by the said Britton & Koontz National Bank, but before the checks of the insurance companies were delivered to it, whereby its agreement with the appellee could be concluded, the appellant, A. V. Davis, who had by loans thereon, secured more than the value of his stock in the appellee company, conceived the idea that, since he no longer owned any of said stock, he would treat the payment which he had voluntarily made for the purpose of increasing the value of the stock as a loan made by him

to the appellee company, and thereupon made demand upon the appellee for the payment of said sum; that the appellee company, knowing that its board of directors had not in any manner contracted said obligation. or borrowed any money whatever from the said Davis or other stockholders, and that said stockholders, without the concurrence of its board of directors, voluntarily put up a pro rata assessment on its stock to pay certain outstanding indebtedness and to thereby give a value to the stock, refused payment of any amount whatever.

It was further averred that thereafter, and while said insurance loss was unpaid, the said A. V. Davis assigned said pretended claim against the appellee to his wife, the appellant, Mrs. Lisa S. Davis, and that through his connection with the insurance agency at Natchez he obtained the names of the insurance companies carrying said loss, and caused the appellant, Mrs. Lisa S. Davis, to institute a suit in a court of law in the parish of Orleans, Louisiana, by way of an attachment against the appellee with garnishment against the said insurance companies, seeking to have the indebtedness owing by them to the Britton & Koontz National Bank, trustee, impounded and applied to the payment of said alleged claim then held by the appellant, Mrs. Davis, as assignee, and that personal process was served upon the several insurance companies in the state of Louisiana, but not upon the appellee, nor was the Britton & Koontz National Bank, trustee, made a party defendant thereto.

The bill further charged that the appellant, A. V. Davis, well knowing that he had no claim against the appellee and that the same could not be enforced in the courts of the state of Mississippi, and to evade the laws of Mississippi, assigned the alleged claim to his wife, and she, at his instance and request, filed said cause in a court of the state of Louisiana for the purpose of harrassing, vexing, and annoying the appellee and the Britton & Koontz National Bank, and of forcing said claim to be adjudicated by courts and a system of juris-

diction foreign to the state of Mississippi, where all the parties lived, the property was located, the contract was made and loss suffered, and to obtain for the said Davis and his assignee an unlawful and illegal preference against the appellee; to evade the insurance laws and statutory liens provided by the laws of Mississippi; to defeat the assignment of said funds to the Britton & Koontz National Bank, trustee, which was valid under the laws of Mississippi; and to have said matters adjudicated by a court of law foreign to the laws of the state of Mississippi, and incapable of applying equitable principles.

The bill further charged that the appellee was not indebted to A. V. Davis in any manner whatever; that it did not contract any debt with its stockholders, or borrow any money from them or from A. V. Davis; that the proceeds of said insurance are due and owing to the Britton & Koontz National Bank, as trustee, and it is entitled thereto to reimburse itself for money advanced under its agreement with the appellee; that the appellee was entitled to have the appellants, the Britton & Koontz National Bank and the several named insurance companies made parties to the bill, and to have the rights of the several parties to the proceeds of said insurance policies adjudicated and determined, and to have the appellants enjoined from prosecuting in the courts of the state of Louisiana, or elsewhere, the alleged cause of action against the appellee and said insurance companies. The bill prayed for the issuance of such an injunction, and that upon final hearing the court cancel the alleged claim of the appellants against the appellee as never having been contracted or authorized by the appellee, and render a decree against the several insurance companies for the respective amounts due by each of them, and directing that the proceeds thereof be paid over to the Britton & Koontz National Bank.

The appellant, Mrs. Lisa S. Davis, filed an answer to this bill of complaint setting forth in detail the facts as to the pending suit in the civil district court of the parish of Orleans, state of Louisiana, and denying, among others, all the averments of the bill as to the invalidity of her claim against the appellee, and expressly denying that the said claim was not assigned to her in good faith and for a lawful and legitimate purpose, and also expressly denying all the charges of the bill in reference to bad faith in filing the suit in Louisiana, and charging that it was so filed for the reason that, by attachment and garnishment in that state, the funds owing the appellee could be reached and subjected to her indebtedness. Other denials and charges of the lengthy answer are not here material. A complete certified transcript of the proceedings and evidence in the cause in the civil district court of the parish of Orleans was filed as an exhibit to this answer.

Upon the filing of this answer the appellant, Lisa S. Davis, filed a motion to dissolve the injunction, and the appellant, A. V. Davis, filed a separate motion to dissolve, which was by agreement treated as a demurrer to the bill. The cause first came on for hearing upon motion of the appellee to be permitted to amend its injunction bond, first, so as to have it show that certain signers thereof were sureties thereon, and, second, so as to make the condition of the bond accord with the requirement of section 609, Code 1906, section 383, Hemingway's Code 1927, in reference to bonds in proceedings to stay proceedings at law. The appellants objected to the proposed amendment of the bond, but the objections were overruled, and the amendment permitted; and on appeal it is argued that the injunction should have been dissolved because there was no proper bond for its issuance, and it was error to allow it to be amended.

All the contentions of the appellant as to the alleged error in permitting the bond to be amended are fully

answered by the court in the case of Davis v. Hale, 155 Miss. 309, 124 So. 370, 372, in which this identical bond was involved. In that case the appellant, Mrs. Lisa S. Davis, filed a suit against W. H. Hale, chancery clerk of Adams county, seeking to recover the statutory penalty and other damages allowed by section 609, Code of 1906, section 383, Hemingway's Code 1927, against the clerk, if he "shall, in any case, issue an injunction without having first taken bond as required by law." The court held that, although there was nothing to indicate in what capacity the signers of the bond, other than the Natchez Hotel Company, signed the same, inasmuch as the clerk approved the bond, and the law required sureties to the bond, in the absence of any indications to the contrary, it will be presumed, or held, that this signing was as sureties. In reference to the defective conditions in the bond, the court held that by virtue of the provisions of section 1022, Code of 1906, section 778, Hemingway's Code 1927, the conditions required by law are in effect written into the bond, and as to the legal sufficiency of the bond as originally written and executed the court said:

"It is manifest that the purpose of this section was to correct oversights and defects in taking a bond in legal proceedings, and that this last-named statute has the effect of writing the conditions required by law into the bond where the bond is approved, and served the purpose for which it was intended to serve.

"The bond is in the proper penalty, and is signed by the required sureties, and the conditions required by law are, by operation of law by the last-named section, written into the body of the bond; therefore, when the bond was filed by the complainant and approved by the clerk, it became in legal effect conditioned according to the law as fully as if the bond had been written out in accordance with the statute,"

It thus having been held that the bond as originally written and executed was sufficient, it is apparent that the appellants were not prejudiced by the amendment which made clear upon the face of the bond the capacity in which the sureties signed, and actually wrote into it the conditions which are by operation of law written therein.

The appellants contend that the motion to dissolve the injunction should have been sustained, as the sworn answer is responsive and denies any equity or alleged equity of the bill, and the appellee failed to introduce any proof to controvert the answer, or to sustain any allegation of the bill; and upon this point the appellee contends that the action of the court below in overruling the motion to dissolve should be affirmed, for the reason that the sworn answer was not evidence for the movants, and no evidence was offered by them to meet the burden of proof which was on them; and in support of its contention the appellee relies on the case of Rickets v. Rickets, 152 Miss. 792, 119 So. 194, 196, in which the court held that, on a motion to dissolve, the burden of proof is on the movant to establish the grounds for dissolution, and said: "Both the bill and answer were sworn to, but an answer under oath was waived by the bill. Where the complainant in his bill waives an answer under oath, the answer, whether sworn to or not, is not evidence for the defendant. Section 585, Code of 1906 (Hemingway's 1927 Code, section 360); Hentz v. Delta Bank, 76 Miss. 429, 24 So. 902. Therefore the sworn bill, and answer, in this case, simply presented issues of fact for the determination of the court. Neither party could rely on his pleading as evidence."

Section 620, Code 1906, section 394, Hemingway's Code 1927, provides that "either party may, on the hearing of a motion to dissolve an injunction on bill and answer, read in evidence affidavits taken by him, on two days' notice to the opposite party, of the time and place of tak-

ing such affidavits," while section 585, Code of 1906, section 360, Hemingway's Code 1927, provides that "the answer shall be sworn to by the defendant unless the complainant in his bill shall waive an answer under oath; in which case the answer, whether sworn to or not, shall not be evidence for the respondent." Under this latter statute as construed in the Rickets case, supra, where the bill waives an answer under oath, a mere submission of the motion to dissolve on the pleadings would not entitle the movant to a dissolution of the injunction as "neither party could rely on his pleading as evidence." However, where the bill waives answer under oath and the sworn answer is expressly offered in evidence as a statutory affidavit, and admitted in evidence without objection, a somewhat different question is presented, but, as we construe the record now before us, we do not deem it necessary to decide what would be the effect of an answer so admitted. The record entry in the case at bar, as appears from the opening paragraph of the bill of exceptions embodying the proceedings in the court below, recites that: "The said Lisa and A. V. Davis presented their motions and in support thereof offered in evidence all the proceedings had in this cause as shown by the general docket of the chancery court in this cause." In this offer of all the proceedings had in this cause "as shown by the general docket of the chancery court," there is nothing to indicate, or to call the attention of the court and counsel to, a purpose to take the answer out of the statutory provision that, where answer under oath is waived in the bill, the answer shall not be evidence for the respondent, and to offer it as an affidavit under section 620, Code of 1906, section 394, Hemingway's Code 1927, and we construe this statement in the bill of exceptions to constitute a mere submission of the cause on all the pleading and other docket entries in said cause. This being true the sworn bill and answer "simply presented issues of fact for the determination

of the court," and "neither party could rely on his pleadings as evidence," and the decree of the court below must be affirmed, unless the bill fails to state any cause of action which would entitle the complainant to the issuance of a temporary injunction.

In the case of Fisher v. Pacific Mutual Life Insurance Company, 112 Miss. 30, 72 So. 846, 848, the court held that: "The rule is well established that a citizen of one state may be enjoined from prosecuting an action against another citizen of the same state in a foreign jurisdiction for the purpose of evading the law of his own state. 22 Cyc. 814. And this rule applies, although the suit enjoined has been commenced in another state before the injunction issues."

The averments of the bill of complaint in this cause bring it within the rule announced in that case. It is averred that all the parties were residents of, or doing business in, Adams county, Mississippi, and were subject to process in that county; that the suit was filed in Louisiana for the express purpose of evading the laws of Mississippi; that the alleged claim sued on was feigned and fictitious; and that the suit was filed in a foreign jurisdiction for the purpose of harrassing, vexing, and annoying the appellee and forcing a compromise settlement of said claim. Upon these averments and others already set forth herein, we think the appellee was entitled to have the preliminary injunction issued, restraining the appellant Lisa S. Davis, from prosecuting the suit in Louisiana, and that, upon this record, the court committed no error in overruling her motion to dissolve, and in retaining the injunction until the final hearing of the cause. Consequently, as to the said Mrs. Lisa S. Davis the decree of the court below will be affirmed.

The appellant, A. V. Davis, filed a separate motion to dissolve the injunction, which by agreement was also treated as a demurrer to the bill of complaint. The bill

charged that the said A. V. Davis had assigned all his interest in the alleged claim against the appellee, and failed to charge that he was a party to the proceedings in the civil district court at New Orleans, and the record affirmatively shows that he is not a party to that suit. Consequently, the separate motion of the said A. V. Davis to dissolve the injunction as to him should have been sustained, and the decree of the court below will be reversed, in so far as it overruled this motion, and a decree will be entered here dissolving the injunction as to the said A. V. Davis, but in all other respects it will be affirmed.

Affirmed in part, and reversed in part, and remanded.