EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES *v.* GEX' ESTATE *et al.*

(Division B. Feb. 27, 1939.)

[186 So. 659. No. 33566.]

Watkins & Eager, of Jackson, for appellant.

**Walter J. Gex, Jr.,** of Bay St. Louis, and **Green, Green & Jackson,** for appellees.

Argued orally by **W. H. Watkins, Sr.**, for appellant, and by **Walter Gex, Jr.**, and **Garner Green**, for appellee.

**McGehee J.**, delivered the opinion of the Court.

On February 5, 1936, a suit was filed in the Circuit Court of Hancock County, Mississippi, entitled "Mrs.

Kathryn Gillin v. The Equitable Life Assurance Society,''
Cause No. 2303, seeking recovery of certain alleged total
and permanent disability benefits under four insurance
policies. The declaration was in as many counts, identi-
cal in form, except that the basis for recovery under each
count was a separate numbered policy. The plaintiff's
attorneys of record in that suit was the law firm of Gex
& Gex of Bay St. Louis, Mississippi.

Prior to the filing of that suit, the plaintiff therein had
executed an assignment in favor of her attorneys as fol-
lows:

"Assignment

"Mrs. Kathryn Gillin v. The Equitable Life Assurance
Society.

"In consideration of services rendered and to be ren-
dered in the above styled and entitled cause, I, Mrs.
Kathryn Gillin, do hereby assign to Gex & Gex, an one-
half interest in and to whatever amount may be recovered
either by way of suit, settlement, or compromise, in
said cause, same being a suit for compensation due under
policies which the said Mrs. Kathryn Gillin has in the
Equitable Assurance Society.

"It is understood that this is a contingent fee, and if
no amount is recovered herein, that said Gex & Gex will
receive no amount whatever.

"This the 10th day of October, 1935.
"(Signed)                     Mrs. Kathryn McN. Gillin.''

This assignment was not filed among the papers in said
cause, nor did the insurance society have any actual
knowledge thereof until the institution of the present suit
in the Chancery Court of Hancock County, Mississippi,
in May, 1937.

Shortly after the filing of the suit at law, hereinbefore
referred to, the insurance society, as defendant therein,
filed in the Civil District Court for the Parish of Orleans,
Louisiana, a petition entitled "The Equitable Life As-
surance Society of the United States v. Mrs. Kathryn

Gillin," Cause No. 216,220, alleging that said insurance society was qualified to and was doing business in Louisiana; that Mrs. Kathryn Gillin was at that time, and had been prior thereto, a resident of the State of Louisiana and the Parish of Orleans, and that she had never resided in Mississippi; that the application for the policies sued on in the Circuit Court of Hancock County, Mississippi, were made in New Orleans and that the policies were issued there; and that the alleged cause of action arose, if at all, in that State. The petition further alleged the pendency of the suit for disability benefits under the policies in the Circuit Court of Hancock County, Mississippi, and that the rights and liabilities of the parties were governed solely by the Laws of Louisiana; that all of the witnesses whose testimony was necessary, material and pertinent resided in New Orleans; and that not only was the purpose of filing the suit in Mississippi to inconvenience and subject to extra expense the insurance society, but also was to gain an advantage by resorting to the courts of Mississippi, where the laws and procedure governing suits of that character were more favorable to the plaintiff. The petition further alleged that had the suit been tried in Louisiana the same would have been triable before a judge rather than a jury as in Mississippi, and that in Louisiana, the appellate court would have had power to review the issues of fact as well as the issues of law, while in Mississippi the appellate court could review only the errors of law. That, furthermore, the plaintiff was seeking to obtain an undue and inequitable advantage by virtue of Mississippi's "Privileged Communication Statute," Code 1930, Section 1536, between physician and patient, Louisiana having no such statute or rule of law; and that it was contrary to the public policy of Louisiana for the courts of that state to permit a resident of Louisiana to maintain the suit in question in Mississippi.

Thereupon, there was entered in the Civil District

Court for the Parish of Orleans, Louisiana, on March 10, 1936, an order requiring the said Mrs. Kathryn Gillin to show cause on the 18th day of March, 1936, why a preliminary writ of injunction should not issue. It was further ordered that a temporary restraining order issue forthwith restraining and prohibiting Mrs. Gillin from in any way further prosecuting, or causing to be prosecuted, the suit instituted by her in the Circuit Court of Hancock County, Mississippi, being Cause No. 2303, as aforesaid, on the docket of said court; and also restraining her from taking any other proceedings of any nature or character whatsoever in said suit, either individually or through her attorneys, agents or representatives.

We deem it unnecessary to set forth at length the temporary restraining order above referred to, as issued by the clerk of the said civil district court, and authorized by judges H. C. Cage, Wm. H. Byrnes, Jr., W. L. Gleason, Michel Provosty and Nat W. Bond, members of the said court, other than to say that it restrained and prohibited the said Mrs. Gillin, her agents or attorneys, from further prosecuting the suit enjoined, or from taking any other proceedings of any nature or character whatsoever therein, either individually or through her attorneys, agents or representatives, as heretofore stated, until further order of the said Civil District Court of the Parish of Orleans, Louisiana.

On March 18, 1936, the date fixed for the hearing of the rule to show cause why the injunction should not issue, the matter was continued until March 26, 1936, by agreemen of the attorneys representing The Equitable Life Assurance Society and the firm of Gex & Gex of Bay St. Louis, Mississippi, attorneys for Mrs. Gillin, and a proper motion and order were entered in the said Civil District Court to that effect. At that time an agreed stipulation in regard to continuing in effect the temporary restraining order was being negotiated. A few days

prior thereto the firm of Gex & Gex informed attorneys of the insurance society that due to the pressure of business engagements they were referring to the firm of Curtis, Hall & Foster of New Orleans, Louisiana, the matter of negotiating the necessary stipulations and agreements to defer action on the rule to show cause why the injunction should not be granted.

Whereupon, in due time, there was prepared and filed in the said Civil District Court a certain stipulation signed by Curtis, Hall & Foster, as attorneys for Mrs. Gillin, and by one of the firms of attorneys representing the insurance society, whereby it was agreed that the rule to show cause, which was re-set to be heard on April 2, 1936, should be continued indefinitely, but that the temporary restraining order theretofore issued should be permitted to expire on said date. It was further stipulated in said agreements that the said Mrs. Kathryn Gillin, individually, and her attorneys, agents or representatives should honor said temporary restraining order, although permitted to expire, to the same effect as though the same was kept in full force and effect until the trial of the rule to show cause could be had on a date to be re-fixed by agreement of counsel. A copy of this stipulation was filed in the injunction proceeding then pending in the said Civil District Court, and whereupon an order signed by one of the judges thereof was duly entered which recognized the continuance of the rule to show cause, and it was ordered by the court that by virtue of the agreement of counsel the hearing thereon should be continued indefinitely to be re-fixed for trial by agreement of counsel. Another copy of this stipulation of counsel was filed by the firm of Gex & Gex in the enjoined Cause No. 2303 in the Circuit Court of Hancock County, Mississippi; this is true according to the statement of counsel for appellant in their brief, which is unchallenged.

From April, 1936, until May, 1937, and thereafter, no

further proceedings were or have been had by any of the parties in the circuit court case in Hancock County, Mississippi, the further prosecution which had been enjoined as aforesaid, nor has the temporary restaining order of the Louisiana Civil District Court been dissolved or modified. However, in May, 1937, Walter J. Gex, Sr., the senior member of the firm of Gex & Gex, had died. There was then filed in the Chancery Court of Hancock County, Mississippi, the suit in which this appeal is prosecuted, and which seeks recovery on behalf of the attorneys of record in the enjoined suit for their one-half of the alleged monthly disability benefits accruing under the same insurance policies both before and after the restraining order was issued and served on the plaintiff therein, according to the terms of the assignment sued on.

The chancery suit is brought by W. J. Gex, Jr., surviving partner of Gex & Gex, and by W. J. Gex, Jr. and Ethel H. Gex, administrators of the estate of W. J. Gex, Sr., deceased, and against the said Mrs. Kathryn Gillin, a resident and citizen of the City of New Orleans, Louisiana, and the appellant The Equitable Life Assurance Society of the United States, as a nonresident corporation.

The bill of complaint sets out in reference to the original assignment from the said Mrs. Gillin to the firm of Gex & Gex, executed prior to the filing of the Circuit Court suit in Hancock County, Mississippi, that a further contract was made on the 12th day of March, 1937, subject to the approval of the chancery court of said county in which the estate of W. J. Gex, Sr., deceased, was being administered, whereby the said Mrs. Gillin and the executors of the estate and Walter J. Gex, Jr., had undertaken to partite the rights and benefits held by them respectively under the policies of insurance in question. A copy of this contract was attached to the bill of complaint, and is in the following language:

"Assignment.

"Gex & Gex having received an assignment from the undersigned as at the 10th day of October, 1935, wherein they were by the undersigned employed as attorneys to prosecute her claim against the Equitable Life Assurance Society of The United States, under policies numbered A475557 and 4,642,400, and No. 4,869,601 and No. 4,869,-602 and No. 7,776,813 and

"Whereas, since that date Walter J. Gex, Sr., a member of said co-partnership of Gex & Gex has died, rendering directions that there be to his estate assigned that portion to which he was lawfully entitled,

"Now, Therefore, in order to carry out the agreement it is understood that as at the 23rd day of April, 1935 (all payments prior to that date having been paid by the Equitable Life Assurance Society of the United States to the undersigned without question), there shall be paid to the Estate of Walter J. Gex, Sr., the payments for the months here listed, to-wit:

"June, August, October, 1935; February, April, June, October, 1936; and February 1937, and subsequently thereafter, four months in each year, according to the months here set out.

"There shall be paid to Walter J. Gex, Jr., the payments for the months, to-wit:

"December 1935, August and December, 1936, and subsequently thereafter two months in each year, according to the months here set out.

"Witness my signature this the 12 day of March, 1937.
"(Signed)      Kathryn Gillin."

The bill of complaint asks that the Chancery Court of Hancock County, Mississippi, enter a decree approving and validating this partition agreement and for a decree for the amount of the monthly installments thus assigned to the attorneys. The bill of complaint alleges, among other things, that the complainants are entitled "to have and recover from said society for those certain months

assigned under said partition to said estate, also to W. J. Gex, Jr., but if there be any inequity in said partition, then there should be a proper partition made at this time, and to that end said Gillin is made a party defendant hereto." No recovery is sought in this suit as to the one-half interest retained by Mrs. Gillin in the disability benefits alleged to have accrued under the policies. She is made a party defendant for the purpose of enabling the court to pass upon and approve the equity of the partition agreement. Thus, it will be seen that she would not be bound by a decree, if so rendered by the chancellor, whereby recovery on behalf of the complainants might be denied. Moreover, upon a dissolution of the restraining order issued by the Civil District Court of New Orleans, Louisiana, she could resume the prosecution of her suit in the Circuit Court of Hancock County, Mississippi, for the recovery of the alleged disability benefits retained by her under the assignment; wherefore the appellant contends in effect that it would thus be required to twice litigate the question of her alleged physical disability. Therefore, the question arises as to whether or not the maintenance of the present suit in chancery would result in the splitting of the cause of action enjoined. In response to this contention, it is urged by the appellees here that no splitting of the cause of action would thereby result; that the law permits a separate action to be maintained for each monthly disability installment as the same may accrue, and that the rule announced by this court in the case of Fewell v. New Orleans, Etc., R. R. Company, 144 Miss. 319, 109 So. 853, is therefore not applicable.

However, we deem it unnecessary to the decision of this case to pass on the question as to whether there is an attempt to split the cause of action for the reason that the case filed by Mrs. Gillin against the appellant in February 1936, in the Circuit Court of Hancock County, Mississippi (at a time when the firm of Gex & Gex held

an assignment of a one-half interest in and to whatever amount may be recovered by her by way of suit, settlement or compromise, in said cause), was being maintained both on her own behalf and on behalf of the firm of Gex & Gex, the assignee, said law firm being a real party in interest to the extent of one-half of whatever recovery should be had. As assignor of their one-half interest of the claim sued on under the policies in her own name she was their agent and representative in bringing the suit, and they, with knowledge of the temporary restraining order issued by the Civil District Court of the Parish of Orleans, Louisiana, were equally bound and restrained from taking any further steps to litigate the alleged liability of the appellant under the policies sued on. They were likewise so bound as attorneys of record in said cause. A judgment in that suit would have been as equally binding on them as on Mrs. Gillin. Fewell v. New Orleans, Etc., R. R. Company, supra. Moreover, the temporary restraining order expressly prohibits both Mrs. Gillin and her attorneys from taking any other proceeding of any nature or character whatsoever in that cause. While it is true that the order singles out Cause No. 2303, and that suit alone, on the docket of the Circuit Court of Hancock County, Mississippi, nevertheless, the manifest purpose of the writ was to restrain the further litigation in the State of Mississippi of the claim of disability under the policies until the further order of the Civil District Court of the Parish of Orleans, Louisiana. The proceedings in that Civil District Court affirmatively disclose that the purpose of obtaining the restraining order was to prohibit the litigation of the alleged cause of action in Mississippi rather than in the State of Louisiana, and the stipulation entered into with the attorneys of the insurance society by Messrs. Curtis, Hall and Foster, as attorneys for Mrs. Gillin, and acquiesced in by the firm of Gex & Gex when they filed the copy of same in Cause No. 2303 in the Circuit Court of Hancock County, expressly bound her, as

well as all of her attorneys, to honor the temporary restraining order, although permitted to expire, to the same effect as though it was kept in full force and effect.

It appears that the Civil District Court of the Parish of of Orleans Louisian, had territorial jurisdiction of Mrs. Gillin, on whom the restraining order was served, and likewise had jurisdiction of the subject matter to enjoin the prosecution of the suit in Mississippi filed by her, as a citizen of Louisiana, against a nonresident defendant doing business in the latter state, when such suit was based on a contract executed therein. The injunction proceedings and the temporary restraining order entered therein appear to be regular and valid. At least it does not affirmatively appear that the order is void. Much is said in the bill of complaint and brief of appellees in regard to the lack of merit in the petition filed by the appellant in the Civil District Court of the Parish of Orleans, Louisiana, but these are considerations to be addressed to that court from which the temporary restraining order issued, and subject to review by the appellate courts of that state. ''An injunction must be obeyed unless absolutely void. It may be erroneous, or it may have been improvidently or even oppressively issued, but if erroneous only, however erroneous, it must be obeyed until dissolved. The bond is the means for obtaining redress if it be wrongful.'' Section 450, Griffith's Mississippi Chancery Practice.

In the case of Fisher v. Pacific Mutual Life Ins. Co., 112 Miss. 30, 72 So. 846, 848, plaintiff, a resident of Tennessee, filed suit in the Circuit Court of Pearl River County, Mississippi, and was enjoined at the instance of the insurance company from its further prosecution by the Chancery Court of Shelby County, Tennessee. Whereupon, defendant in the Mississippi court filed a plea in abatement setting up the existence of the injunction. The court, in holding that a citizen of a state could be enjoined from prosecuting, against a nonresident corporation doing business in that State, an action in a for-

eign jurisdiction, although the suit enjoined had been commenced in the other State before the injunction issued, used the following language:

"And the rule is well established that a citizen of one state may be enjoined from prosecuting an action against another citizen of the same state in a foreign jurisdiction for the purpose of evading the law of his own state. 22 Cyc. 814. And this rule applies, although the suit enjoined has been commenced in another state before the injunction issues. 1 Joyce on Injunctions, sec. 606; 1 High on Injunctions, sec 106; 7 Ruling Case Law, section 65, p. 1035.

"It is hardly necessary to say that the above rule, to the effect that a citizen of one state may be enjoined from prosecuting an action against another citizen of the same state, applies equally when an injunction is sought to restrain a citizen of one state from prosecuting an action against a nonresident corporation doing business with lawful authority in such state.

"We have no hesitation in deciding upon principles of comity that so long as the injunction remains in force issued by the chancery court of Shelby county, Tenn., against Dr. Fisher, a citizen of said jurisdiction, he will not be permitted to proceed with his suit in the courts in Mississippi."

And the court in the course of its opinion in that case further stated: "Counsel for appellant argued in his brief and in oral argument that the chancery court of Tennessee was in error in granting the writ of injunction issued at the instance of the appellee herein, but in view of the fact that the appellant is a citizen of Tennessee, and the appellee is engaged in business there, and the courts of Tennessee have full and complete jurisdiction over both the subject-matter and persons, we are of the opinion that it is not proper for this court to question the correctness of the finding of the Tennessee court, but hold that before the appellant can continue to prosecute his suit upon this cause of action in Mississippi he must ob-

tain a dissolution of the injunction issued against the prosecution of said suit by the chancery court of Shelby county, Tenn.; and if said court was in error in issuing said injunction, he must first seek redress by an appeal to the proper appellate courts of Tennessee, for so long as said injunction remains in force it must be respected by the courts of this state.''

Likewise, in the case of Davis v. Natchez Hotel Co., 158 Miss. 43, 128 So. 871, 874, this Court upheld the right of our state courts to issue an injunction against one of our own citizens to prevent a suit being prosecuted against another such citizen in the State of Louisiana, contrary to his right in the premises so to do, and quoted with approval from the Fisher Case, supra, as follows: ''The rule is well established that a citizen of one state may be enjoined from prosecuting an action against another citizen of the same state in a foreign jurisdiction for the purpose of evading the law of his own state. 22 Cyc. 814, and this rule applies, although the suit enjoined has been commenced in another state before the injunction issues.''

The question as to whether Mrs. Gillin filed her suit in Mississippi for the purpose of evading the law of her own state is not for our decision. Nor is it for this court to say whether or not the fact that the present suit is brought in chancery where it can be tried before a judge instead of a jury in Mississippi, and coupled with the further consideration that the appellees have offered in their bill of complaint to waive the Mississippi ''Privileged Communication Statute'' on behalf of Mrs. Gillin, who appears only as a party defendant, are sufficient in themselves to remove all objections that may have actuated the judges of the Civil District Court of Louisiana in granting the temporary restraining order, which is still in force by virtue of the stipulation of counsel, prohibiting Mrs. Gillin from prosecuting her claim under the policies in the Courts of Mississippi. This changed aspect of the proceeding might be taken into considera-

tion by said Civil District Court upon a motion to dissolve or modify the restraining order. It is not proper for us to pass on the question of the propriety of its issuance or as to whether it should be continued in force, since it is a valid order of a court of competent jurisdiction.

It is urged by the appellees, however, that neither do the orders of the Civil District Court nor the stipulation of counsel filed in that court and in the circuit court case in Hancock County, Mississippi, cause No. 2303, affect any other suit or the assertion of any other cause of action. To so hold would in our opinion restrict the force and effect of the temporary restraining order within limits entirely too narrow. To allow the suit to proceed in chancery, either for the recovery by appellees of the monthly disability benefits covered by the assignment, which accrued either prior to the institution of the suit enjoined, or thereafter, would violate the purpose and spirit of the restraining order. To limit the restraining order specifically to Cause No. 2303 in the circuit court would also enable Mrs. Gillin, if she should so desire, to file a suit in the chancery court of the same county and further prosecute the cause of action as to her one-half interest in the disability benefits sued for. In that situation the assignor who has been enjoined from the further prosecution of the cause of action, and which she was maintaining in her own behalf and in behalf of her assignee, would be found suing in the same jurisdiction on one-half of the cause of action and her assignee maintaining a separate suit for the other half, all in violation of the spirit of the restraining order, although the strict letter thereof may not be thereby disregarded. It is the duty of a litigant to obey a restraining order or injunction not only literally, but in spirit as well. 1 Joyce on Injunctions, sec. 251; Ex Parte Miller, 129 Ala. 130, 30 So. 611, 87 Am. St. Rep. 49; Gorsch v. Birkhahn, 151 A. 121, 8 N. J. Misc. 491; 2 High, Inj., sec. 1443; Wayman v. Southard, 10 Wheat. 1, 29, 6 L. Ed. 253; 24 Am. & Eng.

Enc. Law (1 Ed.), sec. 496; Hines & Hobbs v. Rawson, 40 Ga. 356, 2 Am. Rep. 581. And, as was said in the case of Ex Parte Miller, supra, the words " 'from the further prosecution of said suit,' when regard is had to the terms of the writ, its purposes, and the condition of the parties, are not wrested from their proper signification, when made to include any further proceeding, looking to the accomplishment of the main purpose of said action" [129 Ala. 130, 30 So. 613]—here the collection of the disability benefits through litigation in a court of Mississippi rather than in the courts of Louisiana.

Appellees further say that neither Walter Gex, Sr. and Walter Gex, Jr., nor the policies of insurance, were presently within the jurisdiction of the Civil District Court of Louisiana at the time of the issuance of the temporary restraining order, and contend that jurisdiction both over their persons and of the insurance policies would condition the validity of the judgment of that court in causing the order to be issued. The location of the insurance policies, however, would, in our opinion, be wholly immaterial. The injunction operates only in personam. Moreover, it was not even essential that the writ be served upon Mrs. Gillin in order to be effectual if she otherwise had notice that the same had been issued. Section 449, Griffith's Mississippi Chancery Practice; Fisher v. Pacific Mutual Life Ins. Co., supra. The Louisiana court had territorial jurisdiction of both Mrs. Gillin and the subject matter, and when she received notice of the restraining order it was her duty to obey it whether it was actually served on her or not. Likewise, her attorneys of record, who were assignees of one-half of the proceeds of the disability benefits if and when collected as aforesaid, and who were represented by her as assignor and plaintiff in the suit enjoined, were likewise bound by her knowledge and their own in regard thereto. Suffice it to say on the question of knowledge or notice, the Louisiana Civil District Court injunction

proceeding and the restraining order entered therein are filed as exhibits to the bill of complaint in this case.

Moreover, the appellant having no notice of the prior assignment, was entitled to plead in abatement of this suit the restraining order of the Louisiana court; the pendency of the suit by the assignor in her own right and on behalf of appellees, as assignee, in the Circuit Court of Hancock County, Mississippi; and also the stipulation of counsel entered therein, with the same force and effect as if Mrs. Gillin herself were prosecuting the cause of action in the chancery court of said county. If it be said that this suit is for specific monthly disability benefits accruing to appellees by virtue of their assignment, separate and apart from those accruing to Mrs. Gillin for other months, and that they constitute different causes of action, a sufficient answer should be that the recovery of such installments by appellees must be predicated on proof of the continued total disability of the insured, and that likewise the right of Mrs. Gillin to recover under the policies as to the interest retained by her in the disability benefits is conditioned upon such proof; and hence we come back to the proposition that the thing prohibited by the restraining order is the litigation of the appellant's alleged liability for any disability benefits at all in the jurisdiction foreign to the residence of the parties to the suit enjoined, since all liability whatsoever for any disability benefits under the policies sued on in both cases is denied in the injunction proceedings.

Aside from the foregoing considerations, it may be noted that the assignment to the firm of Gex & Gex is neither an assignment of a one-half interest in the policies of insurance nor in the cause of action instituted thereo, but the same constitutes an assignment only of a one-half interest in and to whatever amount may be recovered. We deem it unnecessary, however, to enter into a discussion and review of the authorities on the question as to whether or not a suit could be maintained on these insurance policies in the name of the attorneys

alone under the terms of this assignment of a one-half interest in whatever amount may be recovered, since the decree of the court below must be reversed and the cause remanded on the ground that no further action or proceeding can be taken to litigate in the courts of this State the alleged liability of the appellant under the policies of insurance sued on as long as the restraining order issued by the Civil District Court of the Parish of Orleans, Louisiana, remains in force and effect. The plea in abatement filed by the appellant was well taken, and the demurrers should likewise have been sustained.

Reversed and remanded.